407 So.2d 1038 (1981)
William Mack ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. AC-467.
District Court of Appeal of Florida, First District.
December 29, 1981.
*1039 Michael Allen, Public Defender, and Michael M. Corin, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant appeals his convictions after trial by jury of burglary and dealing in stolen property. We affirm in part and reverse and remand to the trial court for entry of an order clarifying the sentence.
At sentencing, the trial judge orally sentenced appellant to a term of five years for burglary and to a concurrent five-year term for dealing in stolen property. However, in the written judgment and sentence which was signed in open court the same day, the sentence reads five years for burglary and 15 years for dealing in stolen property, to run concurrently. Appellant contends that the discrepancy between the oral announcement and the written order relating to the sentence imposed on possession of stolen property requires the case to be remanded with directions to the trial court to correct the clerical error in the written order. Compare Badger v. State, 398 So.2d 984 (Fla. 1st DCA 1981), in which, at sentencing, the trial court orally imposed a term of 10 years on the defendant, but in the written order of judgment and sentence, the defendant was sentenced to a term of 15 years. This Court remanded "with directions to the trial court to correct the apparent clerical error." See also Gatti v. State, 324 So.2d 193 (Fla. 3rd DCA 1975), upon which the Badger decision relied. Appellee, however, contends that the "clerical error" is not in the written order but is an error in the transcript of the sentencing hearing.
Since the parties in this case are in dispute as to where the "error" occurred, the case is remanded to the trial court with directions to determine whether the transcript was in error or whether a clerical error was made in the written order and to, thereupon, enter an order clarifying the sentence.
We have considered the other point raised by appellant and find it to be without merit.
Affirmed in part and reversed and remanded to the trial court for proceedings consistent with this opinion.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.