729 P.2d 441

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael HOFFMAN,
Defendant-Appellant.**

**No. 16083.**

Court of Appeals of Idaho.

Dec. 8, 1986.

Alan E. Trimming, Ada County Public Defender, George M. Parham, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Michael Hoffman appeals a fixed life sentence imposed after he pled guilty to first-degree murder. In an earlier appeal we held that the district judge did not err by accepting the guilty plea, but we remanded for clarification of a "fixed indeterminate life" sentence orally imposed. *State v. Hoffman*, 108 Idaho 720, 701 P.2d 668 (Ct. App.1985) (*Hoffman I*). We are satisfied that the sentence pronounced on remand clarifies the judge's original intent and that a fixed life sentence is reasonable under the facts of this case.

When Hoffman was originally sentenced, the district judge considered the applicable sentencing criteria. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). After weighing the available sentencing alternatives and recommendations, the judge stated:

On the other hand, it is not the court's intent to impose a fixed life sentence and

simply say the defendant is to spend the rest of his life behind bars. I do not think that's realistic.

....

That if he is eligible for probation in 10 years given the consideration the court has made, that it would not be a sufficient sentence.

And that I will moderate between the state's recommendations and the defense recommendations and indicate precisely what I said. The sentence will be a fixed indeterminate life sentence with court's recommendations that the defendant serve a minimum of 20 years in the Idaho State Penitentiary before being eligible and considered for a commutation of sentence. And that will be the sentence of the court.

On Hoffman's first appeal we held that the mixing of an indeterminate and a fixed sentence was ambiguous and remanded for clarification. On remand the district judge clarified the sentence. A fixed life sentence was imposed and the judge again recommended that the Commission of Pardons and Parole not consider commutation of the sentence for at least twenty years.

█ Hoffman argues that the above quoted language from the first sentencing evidences the district judge's intent to impose an indeterminate sentence. We disagree. On remand, the judge said that there was "no doubt" that he "specifically did intend a fixed life sentence." The judge then clarified his prior use of the "fixed indeterminate" language at the first sentencing. The judge believed it possible, under the statutes, to divide fixed sentences into two categories. One category would be a "fixed determinate" sentence over which the Commission of Pardons and Parole would have no power of commutation. The judge did not wish to remove this power from the commission. The other category would be a "fixed indeterminate" sentence over which the commission would have the power of commutation. We implicitly disapproved this categorization of fixed sentences in *Hoffman I.* Under the Idaho Constitution, the commutation power applies to all such sentences.

Viewing the entire record, including the proceedings on remand, we now deem it clear that the judge was cognizant of the constitutional autonomy of the commission. His recommendation that commutation not be considered for at least twenty years was purely advisory. He noted that in other cases, the commission had requested his recommendation concerning commutation on shorter fixed terms imposed by him. Since the question of commutation of a fixed life sentence might not arise for a considerable time, the judge made his recommendation while he was still available and the case was fresh in his memory. The judge's earlier reference to a "fixed indeterminate" sentence signified his wish not to remove the possibility of commutation from the fixed life sentence. It did not mean that the judge intended for Hoffman to serve only twenty years or that the judge was depending upon the Commission of Pardons and Parole to accomplish that particular result by an exercise of its own independent executive authority. The sentence imposed on remand is clear. It no longer suggests the improper delegation of a judicial function.

█ Hoffman next contends that the imposition of a fixed life sentence was an abuse of discretion. A sentence that is within the statutory maximum constitutes an abuse of discretion if it is unreasonable in light of the primary goal of protecting society or the related goals of deterrence, rehabilitation and retribution. *State v. Toohill, supra.* The district judge honored a plea agreement and ruled out the death penalty, leaving only two sentencing alternatives—a fixed or an indeterminate life sentence. I.C. §§ 18–4004, 19–2513 and 19–2513A; *State v. Wilson,* 107 Idaho 506, 690 P.2d 1338 (1984).

█ The record shows that the district judge carefully considered the sentencing objectives in light of the nature of the offense and the character of the offender. Even when the events are viewed in a light most favorable to Hoffman, the crime is

one deserving harsh punishment. Hoffman went to the victim intending at least to rob him and ended up shooting him twice—first at close range in the head and second through a door and into the victim's heart. In considering the character of the offender the record reveals that Hoffman, at age twenty-three, had three adult felony convictions and numerous juvenile offenses beginning when he was eleven years old. The judge concluded that a fixed sentence was necessary to protect society. We conclude that the judge's sentencing discretion was soundly exercised. The clarified fixed life sentence is affirmed.

BURNETT, J., and McFADDEN, J., pro tem., concur.