782 P.2d 53

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis WALLACE, Defendant–Appellant.**

No. 17845.

Court of Appeals of Idaho.

Nov. 2, 1989.

Dennis Wallace, pro se.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Dennis Wallace appeals from a district court order denying his I.C.R. 35 motion for correction of an "illegal" sentence. The principal issue on appeal is whether the omission of the word "determinate" from the original order of commitment constitutes a clerical error correctable at any time. A secondary issue is whether the "lenity doctrine" requires modification of the determinate sentence to an indeterminate sentence. For the following reasons, we affirm.

The pertinent facts are as follows. In 1984, Dennis Wallace pled guilty to a charge of grand theft by embezzlement in Twin Falls County. The district judge oral-ly imposed a fourteen-year determinate sentence on October 9, 1984. However, on October 10 an order of commitment was signed and entered in the district court, reciting:

IT IS THE SENTENCE OF THIS COURT that the defendant be committed to the Idaho State Board of Corrections for a period not to exceed fourteen (14) years, the precise period of time to be determined by other authorities according to law.

The court retained jurisdiction for 180 days while Wallace was incarcerated. The court then released Wallace on probation, suspending the balance of the sentence. During this probationary period Wallace committed other crimes to which he pled guilty. As a result, in January, 1986, Wallace's probation was revoked and the district court ordered Wallace to serve the remainder of the fourteen-year "determinate" sentence. Wallace then filed a motion for reconsideration of this sentence under I.C.R. 35, asking the court to "reduce" the determinate sentence to an indeterminate one. After a hearing where Wallace testified about his progress and activities in prison, the court denied the motion. No appeal was taken from that order.

Later, Wallace filed another motion under I.C.R. 35, this time to "correct" an "illegal" sentence. He argued that the first written order of commitment had created an indeterminate sentence and that the second order of commitment—following revocation of his probation—could not make the sentence "determinate." However, after reviewing the court minutes and court reporter's verbatim notes, the district court concluded that the sentence—as originally imposed—was to be fourteen years determinate. In reference to whether the sentence was determinate or indeterminate the district court explained its conclusion:

What the court had to do, to resolve the conflict, was to go back to my original sentencing, and in the transcript of that proceeding, which I had my court reporter prepare, it indicates that the sentence was a determinate sentence, and the statement in the original order, October 10, written order, was a typo-

graphical error and did not adequately state what my order said. The second order is in compliance with what my order from the bench indicates.

Accordingly, the district court denied Wallace's motion to correct an illegal sentence because the court minutes and court reporter's verbatim notes reflected that the word "determinate" was omitted from the first order of commitment.

■ Under I.C.R. 36, "[c]lerical mistakes in judgments, [or] orders ... arising from oversight or omission may be corrected by the court at any time...." Pursuant to this rule the district court may properly insert an omitted word or phrase into an order. Therefore, the proper inquiry for the district court is whether a clerical error has in fact occurred. *United States v. Dickie,* 752 F.2d 1398 (9th Cir.1985) (construing counterpart federal rule).

■ Although a written judgment is presumably a correct statement of the judgment pronounced in open court, and for that reason is ordinarily treated as an expression of the judgment itself, the principle remains that the only legally cognizable sentence in a criminal case is the "actual oral pronouncement in the presence of the defendant." *United States v. Bergmann,* 836 F.2d 1220, 1221 (9th Cir.1988) *quoting United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir.1974). The legal sentence consists of the words pronounced in open court by the judge, not the words appearing in the written order of commitment. *United States v. Bergmann, supra.* If an order of commitment does not accurately represent the court's oral sentence pronouncement that constitutes the judgment, it is manifestly proper to correct the error under Rule 36 so the written expression is consistent with that judgment. *United States v. Dickie, supra; Johnson v. Mabry,* 602 F.2d 167 (8th Cir. 1979). *See generally* 3 C. WRIGHT, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 2D § 611 (1982). The correction may be made where sufficient information appears in other parts of the record, or in official records kept at the time of the proceeding, to show that a mistake, clerical

in nature, has been made. *State v. Stormoen,* 103 Idaho 83, 645 P.2d 317 (1982); *State v. Storey,* 109 Idaho 993, 712 P.2d 694 (Ct.App.1985); *Robinson v. State,* 407 So.2d 1038 (Fla.App.Div.1981).

■ The question is whether the official records of the court accurately reflected the judge's oral pronouncement. The transcript in any case certified by the reporter shall be deemed prima facie a correct statement of the testimony taken and the proceedings had. I.C. § 1–1105; *State v. Salazar,* 95 Idaho 305, 507 P.2d 1137 (1973); *State v. Ruddell,* 97 Idaho 436, 546 P.2d 391 (1976). Therefore, Wallace must overcome the presumption of correctness of the official reporter's transcript to prevail on his motion to correct an illegal sentence. Wallace has not met his burden to rebut the presumption. Therefore, the district court properly corrected the order of conviction.

Our view concerning the legal effect of the orally pronounced sentence is consistent with prior Idaho decisions dealing with ambiguous oral pronouncements. In those cases, the appellate courts have remanded to the trial judges for clarification of their sentences, rather than simply giving effect to the judgments as written. *State v. Phillips,* 99 Idaho 354, 581 P.2d 1173 (1978); *State v. Hoffman,* 108 Idaho 720, 701 P.2d 668 (Ct.App.1985) (remanded); *State v. Hoffman,* 111 Idaho 966, 729 P.2d 441 (Ct. App.1986) (appeal after remand). *Compare State v. Greensweig,* 102 Idaho 794, 641 P.2d 340 (Ct.App.1982) (holding that if oral sentence is not ambiguous but is legally defective, effect may be given to a written judgment which corrects the defect). Here, the orally pronounced sentence was neither ambiguous nor legally defective. At the sentencing hearing, the district judge clearly pronounced a fourteen-year determinate sentence. He said: "I'm going to give you 14 years in the penitentiary, I'll make that a determinate sentence, that means that you will not be eligible for parole,...." By eventually conforming the written sentence to the oral pronouncement, the judge did not abridge any substantive right enjoyed by Wallace.

We have considered the other arguments made by Wallace and find them to be without merit. Accordingly, we affirm the district court's order denying the motion to "correct" the fourteen-year determinate sentence.