**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38887**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 331 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TOMMY GENE FITE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Amended judgment of conviction and sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Tommy Gene Fite pled guilty to aggravated assault on a peace officer, Idaho Code §§ 18-905 and 18-915, and unlawful use of a bomb or destructive device, Idaho Code § 18-3320. At sentencing, the district court orally pronounced an aggregate unified sentence of thirty years, with fifteen years determinate: On Count I, aggravated assault on a police officer, Fite was sentenced to a determinate term of ten years; and on Count II, unlawful use of a bomb or destructive device, Fite was sentenced to a unified term of twenty years, with five years determinate, to run consecutive to the sentence in Count I. Contrary to the oral judgment, the written judgment erroneously stated an aggregate unified sentence of thirty years, with five years determinate: For Count I, a unified sentence of ten years, with zero years determinate; and for Count II, a unified term of twenty years, with five years determinate, to run consecutive to the

1

sentence in Count I. Eight years later, and one month before Fite's scheduled parole eligibility hearing, the district court amended the written judgment to correct the sentence to the term orally pronounced. Fite appeals, contending the district court's amended judgment resulted in an unjust outcome.

Under Idaho law, "the only legally cognizable sentence in a criminal case is the 'actual oral pronouncement in the presence of the defendant.' The legal sentence consists of the words pronounced in open court by the judge, not the words appearing in the written order of commitment." *State v. Allen*, 144 Idaho 875, 877-78, 172 P.3d 1150, 1152-53 (Ct. App. 2007) (quoting *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989)). Where there is a disparity between the oral pronouncement and written order, the oral pronouncement controls. *State v. Watts*, 131 Idaho 782, 786, 963 P.2d 1219, 1223 (Ct. App. 1998).

Clerical mistakes in judgments arising from oversight or omission may be corrected by the court at any time. Idaho Criminal Rule 36; *Allen*, 144 Idaho at 878, 172 P.3d at 1153. "If an order of commitment does not accurately represent the court's oral sentence pronouncement that constitutes the judgment, it is manifestly proper to correct the error under Rule 36 so the written expression is consistent with that judgment." *Wallace*, 116 Idaho at 932, 782 P.2d at 55. The district court may correct the judgment when there is sufficient information in the record to show that a clerical mistake has been made. *Id*. (citing *State v. Stormoen*, 103 Idaho 83, 645 P.2d 317 (1982)).

After briefing and a hearing on the matter, the district court found the written judgment of conviction was erroneous and subject to correction by the court at any time. There is nothing in the record to support Fite's contention that basic fairness precluded the district court from correcting the judgment. It is undisputed that Fite was present for his sentencing and aware of his sentence orally pronounced by the judge in court. Although Fite had a parole eligibility hearing, he had not been released on parole. *Cf. Johnson v. Williford*, 682 F.2d 868 (9th Cir. 1982) (upholding erroneous sentencing order that failed to preclude parole under equitable estoppel and due process principles fifteen months after defendant was released on parole where the defendant was ignorant of his true ineligibility for parole, detrimentally relied on the erroneous sentencing order, and had successfully reintegrated himself into the community.)

Based on the above, we cannot say the district court erred in amending the judgment of conviction. Therefore, Fite's amended judgment of conviction and sentence are affirmed.