**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39370**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 686 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 22, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DUSTY BRUCE WILLIAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order revoking withheld judgment and imposing unified sentence of five years, with two years determinate, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Dusty Bruce Williams was charged with principal to delivery of a controlled substance, Count I, and delivery of a controlled substance, Count II. Pursuant to a plea agreement, Williams pled guilty to Count II, delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(B), and the State agreed to dismiss Count I. At the change of plea hearing, the record reflects there was some initial confusion as to which count Williams was pleading guilty to. After clarifying Williams was pleading guilty to Count II, the district court took William's guilty plea to delivery of a controlled substance.

At the sentencing hearing, the district court correctly recounted that Williams "entered a plea of guilty to the charge of Count II of delivery of a controlled substance, marijuana" and

1

orally announced its decision to enter a withheld judgment and place Williams on probation. Contrary to the record, the subsequent written order withholding judgment erroneously stated Williams pled guilty to Count I and dismissed Count II. Neither party moved the court to correct the error in the withheld judgment.

Subsequently, Williams admitted to violating several terms of the probation. As a result, the district court revoked the withheld judgment; imposed a unified sentence of five years, with two years determinate; and retained jurisdiction. At the beginning of the hearing on probation violation, the district court orally recounted the correct charge: "In this matter, the Court withheld judgment based upon your plea of guilty to delivery of a controlled substance, marijuana . . . ." However, just before announcing disposition, the district court stated, "Mr. Williams, based on your admissions, the Court does find that you have violated the terms and conditions of your probation. Therefore, your withheld judgment must be revoked and a conviction entered as to the charge outlined in Count I of principal to delivery of marijuana." The court then proceeded to announce the disposition:

> Mr. Williams, based on your admissions, the Court, as indicated, does find that it's appropriate to revoke your withheld judgment. Court is entering a conviction on Count 1 of principal to delivery of marijuana.
> You're hereby sentenced to the Idaho State Department of Corrections for a fixed and determinate period of two years and an indeterminate period of three years, in other words, not less than two [or] more than five.

The written order revoking the withheld judgment erroneously stated Williams was being sentenced as to Count I, principal to delivery of a controlled substance.

Williams now appeals from the order revoking withheld judgment, contending the district court acted outside the bounds of its discretion by imposing an illegal sentence by sentencing Williams on the charge of principal to delivery of a controlled substance, Count I. The State counters that William's argument is without merit because Williams did not file a timely appeal from the order withholding judgment. The State further argues Williams has failed to demonstrate fundamental error because the alleged error was clerical in nature and may be corrected by the district court pursuant to Idaho Criminal Rule 36.

Williams never objected to the erroneous language in the written order withholding judgment or the district court's incorrect statements at the subsequent hearing on probation violation regarding which charge Williams pled guilty to. Without an objection in proceedings

below, the error Williams complains of is subject to the fundamental error standard. *See State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010). However, we need not address fundamental error, as the error may be corrected by the district court pursuant to Rule 36.

Clerical mistakes in judgments arising from oversight or omission may be corrected by the court at any time. I.C.R 36; *State v. Allen*, 144 Idaho 875, 878, 172 P.3d 1150, 1153 (Ct. App. 2007). A clerical error is a type of mistake or omission mechanical in nature that is apparent in the record and does not involve a legal decision or judgment by an attorney. *Silsby v. Kepner*, 140 Idaho 410, 411, 95 P.3d 28, 29 (2004); *Dursteler v. Dursteler*, 112 Idaho 594, 597, 733 P.2d 815, 818 (Ct. App. 1987). The district court may correct the judgment when there is sufficient information in the record to show that a clerical mistake has been made. *Allen*, 144 Idaho at 878, 172 P.3d at 1153 (citing *State v. Stormoen*, 103 Idaho 83, 645 P.2d 317 (1982)).

In addition, Idaho Code § 19-3702 provides that neither a departure from the form of a pleading, nor a mistake or error therein, renders it invalid unless actual prejudice to the defendant occurs. This section is recognized as an admonition against reliance upon technical errors as the basis for reversal of judgments. *State v. Bacon*, 117 Idaho 679, 683, 791 P.2d 429, 433 (1990).

As stated above, at the sentencing hearing the district court correctly recounted that Williams pled guilty to Count II. As such, the erroneous language in the written order withholding judgment, that Williams pled guilty to Count I and dismissing Count II, amounted to a clerical error and may be corrected by the district court. *See State v. Armstrong*, 146 Idaho 372, 373 n.1, 195 P.3d 731, 732 n.1 (Ct. App. 2008) (holding an inaccurate code citation to the charge convicted of in the judgment of conviction was a clerical error, subject to correction on remand pursuant to Rule 36). Although the district court incorrectly stated Williams had pled guilty to Count I at the hearing on probation violation, the error may still be corrected pursuant to Rule 36 because it was predicated on the initial clerical error in the written order withholding judgment. *See State v. Timbana*, 145 Idaho 779, 781-82, 186 P.3d 635, 637-38 (2008) (holding a clerical error misstating the determinate portion of the defendant's sentence in the original judgment could be corrected pursuant to Rule 36 despite the fact the error was repeated in the order suspending the sentence after a period of retained jurisdiction and the order revoking probation.)

Accordingly, the district court's order revoking William's withheld judgment and imposing a unified sentence of five years, with two years determinate, is affirmed.

3