IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38993

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 692 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 26, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALBERT PETE VEENSTRA, III, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Robert J. Elgee, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct illegal sentence, affirmed.

Albert Pete Veenstra, III, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Albert Pete Veenstra, III appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Following a jury trial, Veenstra was found guilty of two counts of lewd conduct with a minor child under sixteen. Idaho Code § 18-1508. According to the minutes of the sentencing hearing, the district court imposed a unified sentence of thirty years, with fourteen years determinate.[1]

However, the written judgment of conviction, dated November 17, 2005, contained an error. It stated, at paragraph 4 on page 4, "It is further ordered that the Department of Correction take ALBERT PETE VEENSTRA III into custody, for the commencement of the one hundred

_____

[1] The record on appeal does not contain a copy of the sentencing hearing transcript.

eighty (180) day program, within fourteen (14) days of the date this Judgment is file stamped." An amended judgment of conviction was filed on November 23, 2005. The November 23 judgment and the November 17 judgment are identical, however.

Veenstra filed a motion to correct his sentence pursuant to Rule 35, contending he was not afforded the opportunity to participate in the "rider" program at the Department of Correction. In support of his motion, Veenstra submitted a copy of the November 23 judgment bearing a large "X" through paragraph 4 on page 4 with a handwritten notation in the margin:

> per Matt
> J. Elgee Clerk
> 11/29/05
> R.S.

Veenstra contends the alteration was made by the Department of Correction. The district court denied the motion on the ground that it had not retained jurisdiction, stating Veenstra was never sentenced to, nor did he participate in, the 180 day retained jurisdiction "rider" program. According to the judge's order, the handwritten notation on the one copy of the amended judgment apparently referred to Matt Fredack, who was Judge Elgee's law clerk at the time of the judgment. However, who made the notation, and when, is not clear. Veenstra appealed the denial of his Rule 35 motion. Veenstra also filed an objection to the clerk's record and a motion to augment. In this motion, Veenstra requested the record on appeal include the November 23 judgment with the handwritten corrections and "X" marking. The Idaho Supreme Court suspended the appeal, pending a ruling by the district court on the motion to augment. The district court granted the motion to augment the record and, thus, the record submitted to this Court on appeal includes all of the above referenced judgments. However, from the record presented to us, the only copy of the amended judgment with the handwritten corrections and "X" marking is the copy supplied by Veenstra.

## II.

## ANALYSIS

In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson,* 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). Under Idaho law,

"the only legally cognizable sentence in a criminal case is the 'actual oral pronouncement in the presence of the defendant.' The legal sentence consists of the words pronounced in open court by the judge, not the words appearing in the written order of commitment." *State v. Allen*, 144 Idaho 875, 877-78, 172 P.3d 1150, 1152-53 (Ct. App. 2007) (quoting *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989)). "If an order of commitment does not accurately represent the court's oral sentence pronouncement that constitutes the judgment, it is manifestly proper to correct the error under Rule 36 so the written expression is consistent with that judgment." *Wallace*, 116 Idaho at 932, 782 P.2d at 55. Where there is a disparity between the oral pronouncement and written order, the oral pronouncement controls. *State v. Watts*, 131 Idaho 782, 786, 963 P.2d 1219, 1223 (Ct. App. 1998).

Clerical mistakes in judgments arising from oversight or omission may be corrected by the court at any time. Idaho Criminal Rule 36; *Allen*, 144 Idaho at 878, 172 P.3d at 1153. A clerical error is a type of mistake or omission mechanical in nature that is apparent in the record and does not involve a legal decision or judgment by an attorney. *Silsby v. Kepner*, 140 Idaho 410, 411, 95 P.3d 28, 29 (2004); *Dursteler v. Dursteler*, 112 Idaho 594, 597, 733 P.2d 815, 818 (Ct. App. 1987).

The inclusion of the reference to the 180 day "rider" program in the original and amended judgments constitutes a clerical error. The district court unequivocally states in its order denying Veenstra's Rule 35 motion that Veenstra was never sent to complete the retained jurisdiction program; the district court further stated that the reference to the "rider" program in the original judgment was a clerical error. The minutes of the sentencing hearing confirm this. Thus, under Idaho law, the district court had authority to correct this clerical error in the judgments. As previously noted, the record on appeal does not contain a copy of the transcript of Veenstra's sentencing hearing. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal; in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Lint v. State*, 145 Idaho 472, 482 n.4, 180 P.3d 511, 521 n.4 (Ct. App. 2008). We, therefore, assume the district court's representation of the underlying proceedings was accurate. *Id*.

### III.

### CONCLUSION

Having reviewed the record on appeal, we cannot say the district court erred.  We affirm the district court's denial of Veenstra's Rule 35 motion to correct an illegal sentence.

Chief Judge GRATTON and Judge LANSING **CONCUR.**