**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39304**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 772 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| EDWARD HERBERT HOID, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to amend judgment, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Edward Herbert Hoid appeals from his conviction for drawing a check with insufficient funds. Hoid asserts that the district court impermissibly reduced his credit for time served which, in effect, increased his sentence.

## I.

## BACKGROUND

Hoid was charged with two counts of drawing a check with insufficient funds, Idaho Code § 18-3106(b), and was arrested on August 20, 2002. He pleaded guilty to one count, and the second count was dismissed. On October 28, the district court withheld judgment and placed Hoid on probation. As a condition of probation, the district court ordered Hoid to serve 180 days in jail but gave Hoid credit for 70 days of prior incarceration between August 20 and October 28.

On February 1, 2004, Hoid was arrested on allegations that he violated various conditions of his probation by failing to pay restitution, using a controlled substance, and absconding from supervision. At a probation violation hearing held on April 5, 2004, Hoid admitted the violations

1

and the district court entered judgment and imposed a unified three-year sentence, but suspended the sentence and reinstated Hoid's probation with the condition that he serve an additional 120 days in jail. The following day, the district court issued a written order ("April 2004 order") stating, in part, "For record purposes only the defendant is entitled to credit for two hundred forty-four (244) days served prior to sentencing."

Hoid was arrested again on November 11 for absconding from supervision a second time. On December 13, at another probation violation hearing, Hoid admitted the violation and the district court revoked his probation, ordered the execution of the previously imposed sentence, and retained jurisdiction. The following day, the district court issued a written order ("December 2004 order") stating, in part, "For record purposes only, the defendant is entitled to credit for three hundred ninety (390) days served as of December 13, 2004." In June 2005, following a period of retained jurisdiction, the district court again suspended Hoid's sentence and placed him back on probation. Shortly thereafter, the court issued a written order ("June 2005 order") stating, in part, "For record purposes, the defendant is entitled to credit for five hundred seventy two (572) days served as of June 13, 2005."

On October 5, 2005, the court issued an arrest warrant based on allegations that Hoid had yet again absconded from supervision and committed numerous other probation violations. Hoid was arrested in Utah at some point between April 2 and April 15, 2011, and was extradited back to Idaho where he admitted to numerous probation violations, including absconding from supervision. The district court consequently revoked Hoid's probation and ordered the execution of the previously imposed sentence. On June 23, 2011, the district court issued a written order ("June 2011 order") stating, in part, that Hoid "shall receive credit for four hundred twenty-two (422) days served as of the 20th day of June, 2011."

Hoid thereafter filed a motion to amend the judgment, asserting that the district court erroneously calculated his credit for time served. The district court denied the motion, explaining why its June 2011 order did not give credit for all of the incarceration previously acknowledged:

> This motion is hereby <u>DENIED</u>. This Court will give the Defendant only the credit for time served which the law requires. The Defendant is neither entitled nor deserving of <u>additional</u> credit for time served <u>beyond</u> that required by law. It is within this Court's discretion (in an exercise of its mercy) to grant credit for time served in addition to that required by law. This Court does more often than not, when it thinks it appropriate, grant additional credit for time served

beyond that required by law in the situation in which a probationer submits to supervision by a probation officer and attempts to succeed on probation, but simply fails over time to make sufficient progress on probation for lack of ability or sufficient effort. When this Court does give additional credit for time, such additional credit is included in the final commitment order. For orders prior to a final commitment order, in addition to its own internal record keeping in the Court file, the Court will usually include language (in the order which reinstates a defendant on probation) to the effect: "For record purposes only, the defendant is entitled to _____ days credit for time served as of (date)." This Court has used this procedure for many years when reinstating a defendant on probation to keep track of the maximum credit for time served which it could give if and when it becomes appropriate at a later date under appropriate circumstances to give such additional or maximum credit on the occasion of sending a defendant to prison and entering a final commitment order. Such has been the intent of the quoted language above; it has not been the intent of such language to give credit for time served at a time when the sentence has been suspended and before such time as it is imposed.

Hoid appeals.

## II.

## ANALYSIS

Hoid asserts that the district court's various written orders gave him credit for 230 additional days that are not included in the June 2011 order, and thus, that he should be given credit for those 230 days in addition to the credit of 422 days, for a total credit of 652 days. Without the credit previously awarded, he asserts, the district court unlawfully increased his sentence in the June 2011 order.

It is undisputed that Hoid had previously been incarcerated for at least 652 days when the court revoked his probation and ordered the execution of his sentence in 2011. However, 230 of those 652 days had been imposed and voluntarily served as a condition of Hoid's probation, and the district court excluded those days from its final calculation of credit for time served. Hoid acknowledges that a defendant is generally not entitled to credit for time served after the commencement of probation if the incarceration was imposed as a condition of probation. *See* I.C. § 18-309; *State v. Banks*, 121 Idaho 608, 610, 826 P.2d 1320, 1322 (1992); *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). However, Hoid asserts that in this case, the district court initially exercised its discretion to give him credit for the periods of

3

incarceration served as a condition of probation, and by later refusing to continue the same credit, effectively increased his sentence.[1]

Once a court has given credit for time served or reduced a defendant's sentence, any later order that withdraws that credit or sentence reduction constitutes an unlawful increase of the defendant's sentence, unless the credit or sentence reduction was itself illegal.[2] *Compare State v. Pedraza*, 101 Idaho 440, 442, 614 P.2d 980, 983 (1980) ("when a trial court has initially sentenced a criminal defendant to a definite term of imprisonment, but has suspended the sentence and granted probation, it may not later upon revocation of probation set aside that sentence and increase the term of imprisonment"), *with State v. Steelsmith*, ___ Idaho ___, ___, 288 P.3d 132, 138 (Ct. App. 2012) (holding a court may increase a sentence insofar as necessary to correct an illegality), *and State v. Mendenhall*, 106 Idaho 388, 394, 679 P.2d 665, 671 (Ct. App. 1984) (same).

The issue we are asked to address in this appeal is whether any of the district court's prior orders actually credited against Hoid's sentence any portion of the 230 days served as a condition of his probation.[3] If so, those credits must be added to the 422 days credited in the district court's final order. Both Hoid and the State predicate their positions on language

---

[1] Because a defendant is not statutorily entitled to credit for time served as a condition of probation, a post-sentencing discretionary "credit" for that time served effectively constitutes a reduction of sentence pursuant to Idaho Criminal Rule 35(b).

[2] Neither party has asserted that the court gave Hoid an illegal credit or sentence reduction.

[3] The 244-day figure in the April 2004 order is apparently the sum of: (1) 70 days of incarceration between Hoid's initial arrest on charges of drawing a check with insufficient funds and the order withholding judgment and placing Hoid on probation; (2) 110 days of incarceration imposed as a condition of Hoid's probation; and (3) 64 days of incarceration between Hoid's arrest for an alleged probation violation and the probation violation hearing. The 390-day figure in the December 2004 order appears to be the sum of: (1) the previously calculated 244 days; (2) an additional 120 days of incarceration imposed as a condition of Hoid's second probationary period; and (3) 26 days of incarceration between Hoid's second arrest for an alleged probation violation and the second probation violation hearing. The June 2005 written order also states, in part, "For record purposes, the defendant is entitled to credit for five hundred seventy two (572) days." The 572-day figure is apparently the sum of the previously calculated 390 days plus 182 days for Hoid's incarceration during the period of the court's retained jurisdiction. It is undisputed that Hoid's incarceration during the period of retained jurisdiction was counted toward the satisfaction of Hoid's sentence, and was included in the credit of 422 days given in the June 2011 written order.

4

contained in the April 2004 and December 2004 orders indicating that for "record keeping purposes," Hoid is "entitled to credit" for time served. Hoid asserts that the orders "very clearly informed the parties" that the district court was awarding credit for time served as a condition of probation.

The State asserts that the "plain language of the orders makes clear that" the district court did not give credit for time served, but that the orders merely tallied Hoid's total incarceration for record keeping purposes. Alternatively, the State asserts that even if the orders were ambiguous, Hoid is not entitled to relief because the district court resolved the ambiguity against Hoid's interpretation. In its order denying Hoid's motion to amend the judgment, the district court said that the only order actually conferring credit for time served was the June 2011 order. The court said that its intent in the prior orders was not to award any credit, but to merely track, for record keeping purposes, the total period of time that Hoid had been incarcerated. The State asserts that this Court must defer to the district court's interpretation of its own written orders as a finding of fact, and that the district court's interpretation is dispositive of the issue on appeal. *See Suchan v. Suchan*, 113 Idaho 102, 106-08, 741 P.2d 1289, 1293-95 (1986); *Sun Valley Ranches, Inc. v. Prairie Power Co-op., Inc.*, 124 Idaho 125, 131, 856 P.2d 1292, 1298 (Ct. App. 1993).

The district court's orders that address time served prior to the June 2011 order are ambiguous at best. Each states: "for record purposes only, the Defendant is entitled to credit" for a specified number of days. This language is self-contradictory, for if the number of days of prior incarceration is stated "for record purposes only" then the defendant is not "entitled to credit" for those days; and if the defendant *is* entitled to credit, then the days specified are not "for record purposes only."

The State is correct that an appellate court ordinarily defers to a trial court's interpretation of its own written orders, but that rule of law does not dispose of the issue presented here because it is not principally the written orders that determine the amount of credit for prior incarceration that was given to Hoid in the various sentencing proceedings. It is well established that a defendant's sentence consists of the words pronounced by the judge in open court and in the presence of the defendant, not the words appearing in a written judgment or order. *State v. Allen*, 144 Idaho 875, 878, 172 P.3d 1150, 1153 (Ct. App. 2007); *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989). When a sentence appearing in a written judgment of

5

conviction or order is ambiguous, we must review the oral pronouncement of sentence to resolve the ambiguity, for it is the oral pronouncement that controls. *See State v. Wilson*, 127 Idaho 506, 509, 903 P.2d 95, 98 (Ct. App. 1995); *State v. Burnside*, 113 Idaho 65, 71, 741 P.2d 352, 358 (Ct. App. 1987).

In this case, the disputed credit is for jail time served as a condition of probation that Hoid contends was awarded by the April 2004, December 2004, and June 2005 orders. Therefore, it is the oral pronouncements made in the hearings that immediately preceded those orders that would determine whether the court actually gave credit against Hoid's sentence for the periods of incarceration at issue. However, we are unable to review the oral pronouncements concerning credit for time served, if any, at two of these proceedings, because the transcripts of the pertinent proceedings are not included in the appellate record. The transcript of the jurisdictional review hearing held in June 2005 has been provided, and it shows that the district court did not award any credit for time served in its oral pronouncement at that hearing. The record also contains minutes, but not transcripts, of the hearings held on April 5, 2004, and December 13, 2004. The minutes are inadequate to determine whether the district court gave any credit for time served at those hearings. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Absent a sufficient record to be able to determine whether, during the oral modifications of Hoid's sentence at these probation violation hearings, the district court gave him any credit for the time he had served as a condition of probation, or whether the district court indicated its intent to merely tally the amount of time that Hoid had been incarcerated without giving credit, we will not presume that the district court later erred in interpreting its prior orders. Hoid has not demonstrated whether the district court awarded credit in the oral modifications of his sentence conducted as a consequence of his probation violations. Thus, the record is inadequate to resolve the ambiguity in the district court's written orders or to demonstrate error in the district court's denial of Hoid's request for additional credit.

The district court's order denying Hoid's motion to amend the judgment to include credit for time served as a condition of probation is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**