# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49741

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

RUSSELL LEE HADDOX,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 10, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order granting I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

    Russell Lee Haddox was found guilty of attempted strangulation, I.C. § 18-923, and domestic battery, I.C. §§ 903 and 18-918(2). The district court sentenced Haddox to concurrent, unified terms of seven years, with minimum periods of confinement of three years. Haddox filed an I.C.R. 35 motion, which the district court granted, reducing Haddox's sentences to concurrent,

1

unified terms of five years, with minimum periods of confinement of two years.[1] Haddox appeals, arguing that the district court should have further reduced his sentences.

Initially, we note that a trial court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Haddox's sentences pursuant to his Rule 35 motion, we will only review Haddox's modified sentences for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Haddox has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce Haddox's sentences. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Haddox has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Haddox's Rule 35 motion is affirmed.

---

[1] The oral pronouncement at the hearing on Haddox's Rule 35 motion indicates that the district court intended "to modify it" and take "a year off both the indeterminate and determinate portion" of his sentence, thus "modify[ing] his parole eligibility up a year." The order granting his Rule 35 motion states that his sentence was reduced for attempted stalking. However, it is the oral pronouncement of sentence that is controlling. *See State v. Allen*, 144 Idaho 875, 877-78, 172 P.3d 1150, 1152-53 (Ct. App. 2007). Therefore, we view Haddox's modified sentences to both be concurrent, unified terms of five years, with minimum periods of confinement of two years.