# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50704

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 23, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BAYLEE SAMUEL FARRELL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of forty years, with a minimum period of confinement of ten years, for lewd and lascivious conduct with a minor under sixteen and concurrent determinate sentence of five years for intimidating a witness, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Baylee Samuel Farrell pled guilty to lewd and lascivious conduct with a minor under sixteen, I.C. § 18-1508, and intimidating a witness, I.C. § 18-2604.[1]  In exchange for his guilty

---

[1]     The judgment of conviction incorrectly states that the intimidating a witness charge was dismissed and only reflects his sentence for lewd and lascivious conduct with a minor.  The district court's oral pronouncement indicates that Farrell was also sentenced for intimidation of a witness. However, it is the oral pronouncement of sentence that is controlling.  *See State v. Allen*, 144 Idaho

pleas, additional charges were dismissed. The district court sentenced Farrell to a unified term of forty years, with a minimum period of confinement of ten years, for lewd and lascivious conduct with a minor under sixteen and a concurrent, determinate term of five years for intimidating a witness. Farrell filed an I.C.R. 35 motion, which the district court denied. Farrell appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Farrell's judgment of conviction and sentences are affirmed.

---

875, 877-78, 172 P.3d 1150, 1152-53 (Ct. App. 2007). Therefore, we also review Farrell's judgment of conviction and sentence for intimidating a witness.