795 P.2d 18

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Vincente R. LUNA,
Defendant–Appellant.**

No. 18115.

Court of Appeals of Idaho.

July 3, 1990.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Vincente Luna appeals from a judgment of convic-tion for aggravated battery. He has been sentenced to a minimum period of confine-ment of three years followed by an indeter-minate period of confinement not to exceed two years, for a total of five years. Luna received credit for the time served prior to sentencing. The sole issue on appeal is whether the district court abused its discre-tion. We affirm for the following reasons.

Luna was found guilty of aggravated battery after stabbing Jose Luis Paz with a knife or other sharp instrument during an altercation involving several people. Im-mediately after the verdict was announced by the jury, Luna requested that the judge impose sentence. The judge orally pro-nounced sentence as follows:

> The Judgment of this court is you be sentenced to the Idaho State Board of Correction for a period of not less than three, and not more than five years.
>
> Credit for time served in the county jail.

The judge later signed a "judgment and commitment" which stated as follows:

> It is adjudged that the defendant be sentenced to the custody of the State Board of Correction for a minimum peri-od of confinement of three years fol-lowed by an indeterminate period of time not to exceed five (5) years for a total aggregate time of eight (8) years. The defendant to receive credit for the time served pending this final disposition of 116 days.

In the appellant's brief, Luna argued that the sentence as recited in the judg-ment and commitment was illegal because it was inconsistent with the sentence orally pronounced by the judge. However, while this appeal was pending, the district court *sua sponte* corrected the discrepancy and filed an amended judgment and commit-ment. *See* I.C.R. 36. A certified copy of the amended judgment was thereafter in-cluded in the appellate record. The amend-ed judgment reads as follows:

> IT IS ADJUDGED that the defendant be sentenced to the custody of the State Board of Corrections for a minimum peri-od of confinement of three (3) years fol-

lowed by an indeterminate period of time not to exceed two (2) years for a total aggregate time of five (5) years. The defendant to receive credit for the time served pending this final disposition of 116 days.

◼ "Although a written judgment is presumably a correct statement of the judgment pronounced in open court, and for that reason is ordinarily treated as an expression of the judgment itself, the principle remains that the only legally cognizable sentence in a criminal case is the 'actual oral pronouncement in the presence of the defendant.'" *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct.App.1989). "If an order of commitment does not accurately represent the court's oral sentence pronouncement that constitutes the judgment, it is manifestly proper to correct the error under [I.C.R.] 36 so the written expression is consistent with that judgment." *Id.* Therefore, we hold the district court's amended judgment and commitment correctly reflects the orally pronounced sentence imposed upon the defendant Luna.

◼ The maximum sentence for aggravated battery is fifteen years. I.C. § 18–908. Luna does not claim that his sentence exceeds the statutory maximum. Instead, he contends that the judge did not address certain sentencing guidelines established by the Idaho Legislature and the Idaho Supreme Court. However, the Supreme Court has held that judges are not required to explain their sentencing decisions. *State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984). Therefore, the question here is narrowed to the reasonableness of the sentence. To challenge the reasonableness of a sentence, the appellant must show that under any reasonable view of the facts, the sentence was excessive in light of the need to accomplish the primary objective of protecting society and achieving all the related goals of deterrence, rehabilitation, or punishment applicable to the case. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Here, Luna committed the aggravated battery after the effective date of the Unified Sentencing Act, I.C. § 19–2513. On review, sentences imposed under the Unified Sentencing Act are generally treated as though the period of confinement will be the minimum period of confinement stated in the judgment of conviction. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Therefore, for purposes of appellate review, the probable measure of confinement under Luna's sentence is three years.

◼ Because Luna desired to be sentenced immediately after the jury found him guilty, no presentence investigation report was available to the judge. The record does not disclose why Luna chose this expedited sentencing. After the verdict was announced, a short sentencing hearing was conducted. Luna admitted that he had previously served a term in the Idaho penitentiary on a prior burglary conviction. Both the state and Luna informed the judge that the burglary was Luna's only prior felony. In addition, the court was informed there was an immigration "hold" on Luna to deport him as an illegal alien from Mexico.

Immediately prior to the oral pronouncement of sentence the following exchange between Luna and the judge took place:

COURT: I don't know what you mean when you say, "I didn't mean to do it." You either did, or you didn't; but the jury found you guilty, and the charge is that you stabbed this fellow [Paz].

If you didn't mean to stab him what did you mean to do?

DEFENDANT: I just trying to survive, man.

COURT: Just trying to survive?

DEFENDANT: Yeah.

COURT: Well, the judgment of this Court—you pull out some kind of an object, and I—I suspect it was your knife—and you stab somebody with it you're going to pay the price for it. That kind of conduct is not going to be sanctioned, I'll tell you that.

Although brief, the judge's statement displayed his concern for punishment and deterrence. The three-year minimum period of confinement allows Luna the opportunity to prove his rehabilitation potential to corrections officials. Therefore, we find

that the judge did not abuse his discretion. The amended judgment of conviction, imposing a five-year sentence with a minimum period of confinement of three years, is affirmed.