963 P.2d 1219

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ernest Ray WATTS, Defendant–Appellant.**

**No. 23460.**

Court of Appeals of Idaho.

Sept. 10, 1998.

---

Hollifield and Bevan, Twin Falls, for Defendant-Appellant. William R. Hollifield argued.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for Plaintiff-Respondent. Catherine O. Derden argued.

LANSING, Chief Judge.

Ernest Ray Watts appeals from his judgment of conviction for one count of aggravated battery on a law enforcement officer, one count of aggravated battery, and one count of aggravated assault. He asserts that the district court exceeded its authority in instructing the jury regarding lesser included offenses when neither party requested such instructions. He also challenges the sentence imposed for the aggravated assault count as illegal. We affirm in part, but remand to the district court for correction of the sentence for aggravated assault.

### FACTS AND PROCEDURAL BACKGROUND

Twin Falls dispatch received a 911 call from a young girl asking for help because her parents were fighting. Police officers arrived at the Watts residence, where Beth Watts told them that her husband, Ernest Watts, had tried to rape her and that she wanted him out of the house. The officers tried to talk to Watts, who had closed himself in a bedroom. Watts responded by leaning out of the doorway and firing a shotgun at the officers. One officer was shot in the hand. As the police waited outside for back-up, Watts shot at them through the window of the front door. Pellets from the shotgun struck an officer in the face. After several hours, Watts was eventually forced from the house and arrested.

At the time of trial, the charges against Watts were two counts of "aggravated battery on a law officer," I.C. §§ 18–306, –903, –907 and –915; one count of "aggravated assault on a law officer," I.C. §§ 18–306, –901, –905 and –915; and one count of "at-

tempted aggravated assault on a law enforcement officer," I.C. §§ 18–306, –901, –905 and –915. Neither party requested instructions on lesser included offenses. Nonetheless, the trial court instructed the jury on the "lesser included offenses" of aggravated battery and aggravated assault. Although Watts did not request these instructions, he also did not object to them when the trial court indicated its intent to utilize the instructions. The jury found Watts guilty of one count of aggravated battery on a law enforcement officer, one count of aggravated battery, one count of aggravated assault, and one count of attempted aggravated assault. The last count was eventually dismissed. On appeal, Watts argues that the district court erred in instructing the jury on aggravated battery and aggravated assault as lesser included offenses when neither the State nor Watts requested such instructions. He also complains of errors in his sentences.

## ANALYSIS

### A. Lesser Included Offense Instructions

■ We first address Watts's argument that I.C. § 19–2132 prohibits a trial court from instructing the jury on lesser included offenses without a request from either party.[1] This presents an issue of statutory construction, a question of law which is subject to free review. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996); *Harris v. Dep't. of Health &*

*Welfare*, 123 Idaho 295, 297, 847 P.2d 1156, 1158 (1992).

■ The interpretation of a statute begins with an examination of its literal words. *In re Permit No. 36–7200*, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992); *Ada County v. Gibson*, 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct.App.1995). Where statutory language is unambiguous, the clearly expressed intent of the legislature must be given effect, and there is no occasion for a court to consider rules of construction. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996); *Ada County v. Gibson, supra.*

The statute at issue here, I.C. § 19–2132, provides in pertinent part:

(b) The court shall instruct the jury with respect to a lesser included offense if:

(1) Either party requests such an instruction; and

(2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.

Watts's argument essentially asks this Court to interpret this statute to read, "The court shall instruct the jury with respect to a lesser included offense *only* if . . . ." We think it inappropriate to do so. The apparent intent of the legislature in drafting this statute was to impose an affirmative duty on trial courts to instruct on lesser included offenses when the two enumerated requirements are met.

---

1. We address this issue with the following caveat. We think it questionable that the Idaho statutes create separate crimes called "aggravated battery on a law enforcement officer" and "aggravated assault on a law enforcement officer," of which aggravated battery and aggravated assault could be lesser included offenses. Idaho Code Sections 18–903 and –907 define battery and aggravated battery respectively, while §§ 18–901 and –905 define assault and aggravated assault respectively. Section 18–915, on the other hand, does not take the form of defining crimes; it can reasonably be viewed as only providing for sentence enhancements. Section 18–915 provides for enhanced punishment when crimes defined within that chapter of the Idaho Code have been knowingly committed against certain public employees. Relevant to this case, I.C. § 18–915(b) provides that the punishment shall be doubled when offenses defined in that chapter were knowingly committed upon certain public

employees, including peace officers. An interpretation of I.C. § 18–915 as a sentence enhancement statute is supported by Idaho Criminal Jury Instruction 1212. It states that if the jury finds the defendant guilty of simple or aggravated assault or battery, the jury must then consider whether the defendant knew that the victim was a member of one of the groups listed in I.C. § 18–915. However, neither party in this case argues that the jury instructions should have been in the form of instructions on sentence enhancements for aggravated battery and aggravated assault rather than as instructions on greater and lesser offenses. Therefore, for the purposes of this opinion only, we will assume, as have the parties and the trial court, that "aggravated battery on a law enforcement officer" and "aggravated assault on a law enforcement officer" are discrete crimes which include the lesser offenses of aggravated battery and aggravated assault.

For a trial court to fail in this regard would be error. The plain language of I.C. § 19–2132 does not, however, restrain the trial court from instructing the jury on lesser included offenses when such instructions are warranted but are not requested by either party.

We recognize that a defendant may, as a trial tactic, prefer that no lesser included offense instruction be given. The defendant may prefer to gamble that the jury will not be convinced to convict on the charged offense and will therefore be forced to acquit even though the evidence proves a lesser offense. However, we do not perceive that our statute gives the defendant a *right* to pursue this course, nor do we believe that justice would be served by such a rule. We find the reasoning of the California Supreme Court on this issue to be cogent:

> Our courts are not gambling halls but forums for the discovery of truth. Truth may lie neither with the defendant's protestation of innocence nor the prosecution's assertion that the defendant is guilty of the offense charged, but at a point between these two extremes: the evidence may show that the defendant is guilty of some intermediate offense included within, but lesser than, the crime charged. A trial court's failure to inform the jury of its option to find the defendant guilty of the lesser offense would impair the jury's truth ascertainment function. Consequently, neither the prosecution nor the defense should be allowed, based on their trial strategy, to preclude the jury from considering guilt of a lesser offense included in the crime charged. To permit this would force the jury to make an "all or nothing" choice between conviction of the crime charged or complete acquittal, thereby denying the jury the opportunity to decide whether the defendant is guilty of a lesser included offense established by the evidence.

*People v. Barton*, 12 Cal.4th 186, 47 Cal. Rptr.2d 569, 906 P.2d 531, 536 (1995) (citations omitted).

Because the language of I.C. § 19–2132 does not restrain a trial court from instructing on lesser included offenses in the absence of a request from either party, and because we find the *Barton* analysis persuasive, we hold that the district court here possessed authority to instruct the jury on lesser included offenses even though neither party requested these instructions.

**B. Sentence**

We turn now to the sentencing issues raised by the defendant. In his appellant's brief, Watts complains that he received an illegal sentence for aggravated battery in the original judgment of conviction. He points out that the judgment identifies Count II as "aggravated battery" and imposes a unified seventeen-year sentence, which exceeds the statutory maximum of fifteen years for aggravated battery. *See* I.C. § 18–908. However, Watts was not found guilty of aggravated battery on Count II but of aggravated battery on a law enforcement officer, and the original judgment was therefore in error in identifying the offense of which Watts was convicted. After Watts's appellant's brief was filed, the district court entered an amended judgment which corrected this error by identifying the Count II offense as "aggravated battery on a law enforcement officer." Whether this is deemed to be an independent offense or aggravated battery with a sentence enhancement under I.C. § 18–915(b), the sentence is within the statutory limit.

Watts has also pointed out an error in his sentence for Count III, aggravated assault, in the judgment of conviction, and this error was not corrected in the amended judgment. The amended judgment states that for Count III, aggravated assault, Watts is sentenced to "five (5) years in prison, five (5) years indeterminate ..." This phrase is ambiguous in that it is unclear whether it means that Watts has a total sentence of five years, all of which is indeterminate, or a unified sentence of ten years, five of which is indeterminate. However, either of these interpretations is inconsistent with the sentence pronounced at the sentencing hearing.[2] The court minutes

2. The second interpretation would also be an    unlawful sentence in excess of the statutory max-

from that hearing as well as the court's sentencing memorandum indicate that the district court imposed a five-year determinate term for Count III, to run concurrently with the sentences for Counts I and II.

▪ When there is a disparity between the sentence imposed in open court and that expressed in the written judgment of conviction, it is the orally pronounced sentence that is effective. "[T]he only legally cognizable sentence in a criminal case is the 'actual oral pronouncement in the presence of the defendant.'" *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct.App.1989) (quoting *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir.1988)). *See also State v. Luna*, 118 Idaho 124, 126, 795 P.2d 18, 20 (Ct.App.1990). Because the amended judgment is incorrect in its expression of the sentence, this case must be remanded to the district court for correction of the amended judgment of conviction with respect to the sentence for Count III.

imum of five years under I.C. § 18–906.

## CONCLUSION

In summary, we conclude that the district court did not err in giving instructions on the offenses of aggravated battery and aggravated assault without request by either party, and we therefore affirm Watts's conviction. However, we remand the case for correction of the sentence stated in the amended judgment of conviction for Count III, aggravated assault.

PERRY and SCHWARTZMAN, JJ., concur.