**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38901**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 693 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 31, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL EUGENE NICHOLS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and concurrent unified sentences of twenty-five years, with minimum periods of confinement of fifteen years, for two counts sexual abuse of a child under the age of sixteen enhanced as a repeat sex offender, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Daniel Eugene Nichols was found guilty of two counts of sexual abuse of a child under the age of sixteen, enhanced for being a repeat sex offender . I.C. §§ 18-1506, 19-2520G(2). The district court sentenced Nichols to concurrent unified terms of twenty-five years, with minimum periods of confinement of fifteen years.[1] Nichols appeals, asserting that his indeterminate sentences are excessive.

_____

[1] The judgment of conviction states that the sentences imposed were unified terms of twenty-five years, with minimum periods of confinement of ten years. However, the district

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Nichols's judgment of conviction and sentences are affirmed.

---

court's oral pronouncement at sentencing indicates that the sentences were concurrent terms of twenty-five years, with minimum periods of confinement of fifteen years. The district court also noted that the mandatory minimum sentence pursuant to I.C. § 19-2520G is fifteen years. Where, as here, there is a disparity between the oral pronouncement and written order, the oral pronouncement controls. *See State v. Watts*, 131 Idaho 782, 786, 963 P.2d 1219, 1223 (Ct. App. 1998). Therefore, we review Nichols sentences in accord with the oral pronouncement.