# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44797

JEREMY RAY WHEELER,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)

Boise, June 2017 Term

2017 Opinion No. 72

Filed: June 21, 2017

Karel A. Lehrman, Clerk

_____

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County.  Hon. David C. Nye, District Judge.

The district court's order of dismissal is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

HORTON, Justice.

This is an appeal from the district court's summary dismissal of Jeremy Ray Wheeler's petition for post-conviction relief. We vacate the district court's order of dismissal and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2014, Wheeler was arrested and charged with possession of methamphetamine in violation of Idaho Code section 37-2732(c)(l). Due to prior convictions of a similar nature, he was also charged with being a persistent violator as defined in Idaho Code section 19-2514. Wheeler filed a motion to suppress evidence that was denied by the district court. Consistent with Idaho Criminal Rule 11(e), Wheeler completed a written plea advisory form on March 23, 2015. There, he indicated that he was entering a conditional guilty plea, reserving his right to appeal the issue of his "motion to surpress [sic]." He appeared before the district court the next day and entered his guilty plea to the charge of possessing

1

methamphetamine in exchange for dismissal of another criminal matter and the persistent violator allegation. On May 11, 2015, Wheeler was sentenced to serve seven years, with three years fixed, and the district court retained jurisdiction for one year. On August 13, 2015, the district court relinquished jurisdiction at Wheeler's request.

Wheeler's trial counsel filed a notice of appeal on September 14, 2015. The notice of appeal purported to challenge both the denial of Wheeler's motion to suppress and his sentence. The State Appellate Public Defender ("SAPD") was appointed to represent Wheeler on appeal. Wheeler's SAPD attorney informed him that his appeal from the denial of the motion to suppress was untimely and recommended that Wheeler file a petition for post-conviction relief alleging ineffective assistance of trial counsel for failing to timely appeal from the denial of his motion to suppress.

On February 2, 2016, Wheeler filed a *pro se* petition for post-conviction relief. The State moved for summary dismissal of the petition. The district court granted the motion, finding that Wheeler's claim that trial counsel had failed to timely appeal from the denial of the motion to suppress was groundless: "[T]he Court again notes that an appeal was timely filed, the Court has verified this with the Supreme Court of Idaho, and the appeal is ongoing at the time of this decision. Wheeler's [claim based upon a failure to timely appeal] must be dismissed as it is patently false."

Wheeler timely appealed from the dismissal of his petition. In an unpublished opinion, the Court of Appeals affirmed the district court's dismissal of Wheeler's petition for post-conviction relief. We granted Wheeler's *pro se* petition for review. We thereafter appointed the SAPD to represent Wheeler in proceedings before this Court. We granted the SAPD leave to file a supplemental brief on review which we have considered in deciding this appeal.

## II. STANDARD OF REVIEW

"While this Court gives serious consideration to the views of the Idaho Court of Appeals when considering a case on review from that court, it reviews the district court's decision directly." *State v. Watkins*, 148 Idaho 418, 420, 224 P.3d 485, 487 (2009) (*citing Mattoon v. Blades*, 145 Idaho 634, 636, 181 P.3d 1242, 1244 (2008)).

Because one judge presided over the plea hearing, and a different judge presided over the suppression hearing and sentencing, "this Court has determined that its role on appeal is to freely review the evidence and weigh the evidence in the same manner as the trial court would do when

ruling on a motion for new trial." *Shabinaw v. Brown*, 131 Idaho 747, 751, 963 P.2d 1184, 1188 (1998) (*citing Nafus v. Campbell*, 96 Idaho 366, 368, 529 P.2d 266, 268 (1974)).

"On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file." *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007) (*citing Gilpin-Grubb v. State*, 138 Idaho 76, 80, 57 P.3d 787, 791 (2002)). A claim for post-conviction relief may only be summarily dismissed if it does not present a genuine issue of material fact. I.C. § 19-4906(b); *Baldwin v. State*, 145 Idaho 148, 153, 177 P.3d 362, 367 (2008). A genuine issue of material fact exists when "the appellant has alleged facts in his petition that if true, would entitle him to relief." *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004) (internal citations omitted).

Because the analysis of that question requires the courts to evaluate the petitioner's claim "if true," the courts must liberally construe the facts and draw reasonable inferences in favor of the petitioner. *Id*. Additionally, it means that "[a] court is required to accept the petitioner's unrebutted allegations as true . . . ." *Baldwin*, 145 Idaho at 153, 177 P.3d at 367; *Saykhamchone v. State*, 127 Idaho 319, 321, 900 P.2d 795, 797 (1995).

### III. ANALYSIS

The district court rejected Wheeler's claim for post-conviction relief based upon his claim that his trial counsel failed to timely appeal from the denial of his motion to suppress. It did so because Wheeler's direct appeal was pending at the time of its decision. The State concedes that the district court erred in this regard and that Wheeler's appeal was timely only as to the district court's order relinquishing jurisdiction. The State urges, however, that the district court's order of summary dismissal may be affirmed on the alternative basis that Wheeler did not preserve the right to appeal the denial of his motion to suppress. We disagree.

> A petitioner's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). In addition to showing that his counsel's performance was deficient, "the defendant must show that the deficient performance prejudiced the defense." *Id.*

*Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010).

"[A] defendant who proves that he or she was denied an appeal because counsel did not file an appeal as requested[1] states a meritorious claim for ineffective assistance of counsel because the loss of the right to appeal is sufficient prejudice, in and of itself, to support such claim." *Gosch v. State*, 154 Idaho 71, 74, 294 P.3d 197, 200 (Ct.App.2012) (citing *Beasley v. State*, 126 Idaho 356, 361–62, 883 P.2d 714, 719–20 (Ct.App.1994)).

The State's position does not challenge these basic principles of law. Rather, the State relies on the guilty plea colloquy in support of its assertion that Wheeler's guilty plea did not preserve the right to appeal from the denial of the motion to suppress despite the contents of the guilty plea advisory form. The State relies on *State v. Watts* for the proposition that the statements Wheeler made when pleading guilty are sufficient evidence that he did not reserve the right to appeal this issue. *See State v. Watts*, 131 Idaho 782, 963 P.2d 1219 (Ct.App.1998) ("Where there is a disparity between the oral pronouncement and written order, the oral pronouncement controls").

We take no issue with the holding in *Watts*; rather, we simply do not find the decision to be instructive as to the issue before this Court. The question presented in *Watts* related to a disparity between the sentence pronounced in open court and the written judgment of conviction. *Watts*, and the authorities cited therein, simply hold that clerical errors in a judgment will not take precedence over the sentence which was actually pronounced by the sentencing judge. *See id*. at 786, 963 P.2d at 1223; *State v. Luna*, 118 Idaho 124, 126, 795 P.2d 18, 20 (Ct.App.1990); *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct.App.1989); *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988). Here, we must determine whether there is a genuine issue of material fact as to whether Wheeler's guilty plea was conditioned upon his right to appeal from the denial of his motion to suppress. This requires a consideration of both Wheeler's written guilty plea advisory and the colloquy at the time of his guilty plea.

Question 9 of Wheeler's plea agreement form asked, "Is this a conditional guilty plea, meaning you are reserving your right to appeal any pre-trial issues or decisions?" Wheeler placed his initials next to a scribbled-out "NO" and circled "YES" to the question. Question 9(a) then asked, "If YES, what issue are you reserving the right to appeal?" Wheeler wrote, "Motion to surpress [sic]." Standing alone, these answers appear to be a clear and unambiguous declaration

---

[1] The State does not suggest that Wheeler did not request his trial counsel to appeal from the denial of his motion to suppress.

of Wheeler's intent to condition his guilty plea upon the right to appeal the denial of his motion to suppress.

The State relies on the exchange between Wheeler and the trial court at the time of his plea of guilty. The entirety of the portion of that colloquy upon which the State relies is as follows:

> THE COURT: Ok. All right. And, in fact, [trial counsel] explained to me that in this case there was a suppression issue and a motion was filed, and it was argued before Judge Nye, and he denied that motion to suppress; is that correct?
>
> THE DEFENDANT: That's correct.
>
> THE COURT: All right. *And, certainly, that is something that you could reserve and/or could preserve for appeal if you decided to appeal this sentence. Let's say, it didn't go the way you wanted it to and you ended up having to go serve time. I suppose you could appeal your sentence, and you could appeal the suppression issue that Judge Nye decided on. Do you understand that?*
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. But you're not pleading guilty and reserving your right to this isn't a conditional plea of guilty based on the fact that there is this suppression issue out there that has been ruled on by the Court, are you?
>
> Let me ask -- that is a complicated question but it's an important question, Mr. Wheeler. It really is. So oftentimes what happens in cases is that the defendant will say, yeah*, I'm going to plead guilty because I lost my suppression issue with the District Court, but the only reason I'm going to plead guilty, I'm preserving this right because I'm going to immediately appeal this case to the Supreme Court for them to look at this suppression issue that was denied by the District Court. Is that what you're doing, or are you just simply --*
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. *So you're simply entering the plea with regard to the recommendations from the State and understanding that there is an issue out there that you could appeal, but you're not necessarily doing it because you want it in front of the Supreme Court immediately?*
>
> THE DEFENDANT: No. No, I'm not.
>
> THE COURT: Okay. I just want to make sure I understand that. Did I cover that right, [trial counsel]?
>
> [TRIAL COUNSEL]: Yes, I think you did.

(emphasis added).

The State argues that Wheeler's responses of "No," and "No, I'm not" reflect his waiver of the right to appeal from the denial of his motion to suppress. We first note that the questions directed to Wheeler are far from unambiguous. Viewing the exchange in a light most favorable

to Wheeler, we are only able to conclude that he had no desire to "immediately" appeal the suppression issue. In light of the written guilty plea advisory, we find that there is a genuine issue of material fact as to whether Wheeler's guilty plea was conditioned upon his right to appeal from the denial of the motion to suppress.

As the State has conceded that the district court erroneously dismissed Wheeler's petition for post-conviction relief based upon his then-pending[2] direct appeal, and because we find that there is a genuine issue of material fact as to the alternative ground for affirmance posited by the State, we must vacate the district court's order dismissing Wheeler's petition for post-conviction relief.[3]

## IV. CONCLUSION

We vacate the order dismissing Wheeler's petition for post-conviction relief and remand for further proceedings.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.

---

[2] After the district court summarily dismissed Wheeler's petition for post-conviction relief, the Court of Appeals affirmed Wheeler's judgment of conviction and sentence in an unpublished opinion. *State v. Wheeler*, No. 43567, 2016 WL 3193469, at *1 (Idaho Ct. App. June 1, 2016).

[3] In the event that the district court finds that Wheeler requested his attorney to file an appeal from the denial of the motion to suppress and that trial counsel failed to do so, the appropriate remedy is for the district court to vacate and reenter the previous judgment in order to permit Wheeler "to seek review through a delayed appeal." *State v. Crumble*, No. 39235, 2013 WL 5486749, at *3 (Idaho Ct. App. Mar. 28, 2013) (citing *Beasley v. State*, 126 Idaho 356, 363, 883 P.2d 714, 721 (Ct.App.1994)). Our decision should not be interpreted as an expression regarding the merits of the district court's ruling on the motion to suppress.