# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34624

STATE OF IDAHO,
        Plaintiff-Respondent,

v.

TIM A. TIMBANA,
        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, May 2008 Term

2008 Opinion No. 69

Filed: June 4, 2008

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, in and for Bannock County. The Hon. Peter D. McDermott, District Judge.

The order of the district court is affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Thomas R. Tharp argued.

---

EISMANN, Chief Justice.

This is an appeal from an order refusing to reduce a sentence pursuant to Rule 35 upon revocation of probation. The defendant contends that the state breached its agreement not to oppose the Rule 35 motion. We hold that it did not and affirm the district court.

## I. FACTS AND PROCEDURAL HISTORY

On December 4, 1999, at approximately 8:41 p.m., a police officer was dispatched to the area of Main and Center Streets in Pocatello to investigate a hit-and-run accident. When the officer arrived there, a citizen reported that the vehicle that had fled the accident was in a nearby parking lot. The officer looked towards the parking lot and noticed an older model Chevrolet pickup with extensive front-end damage backing out of a parking stall. The pickup matched the description of a vehicle involved in another hit-and-run accident that had been reported about ten minutes earlier. The officer drove to the location of the pickup and attempted to initiate a traffic

stop, but the vehicle fled. The officer and another officer pursued the pickup and eventually caught up to it when the driver could not go up a hill because the pickup could not get enough traction on the icy road. The driver, who was Tim Timbana, then fled on foot, but was apprehended.

Timbana was charged with felony driving under the influence of alcohol (DUI) and felony eluding a peace officer. On January 3, 2000, he appeared in court and pled guilty to the DUI pursuant to an agreement under which the State moved to dismiss the eluding charge and agreed not to recommend a sentence that was more severe than a retained jurisdiction. On February 7, 2000, the district court sentenced Timbana for the DUI to the custody of the Idaho Board of Correction for five years, with three years fixed. The court also retained jurisdiction for a period of 180 days. Due to a clerical error, however, the written judgment recited a sentence of four years fixed plus one year indeterminate.

Timbana completed the retained jurisdiction program, and on July 31, 2000, the district court suspended his sentence and placed him on probation for five years. The order suspending the sentence repeated the clerical error regarding the determinate portion of the sentence.

On August 18, 2004, a probation violation report was filed with the court. The report alleged that Timbana had violated his probation by driving under the influence of alcohol on July 21, 2004, when he was involved in a roll-over accident. After an evidentiary hearing, the district court found that Timbana had violated his probation by consuming beer, but the court elected not to revoke the probation.

On February 8, 2005, another probation violation report was filed with the court. It alleged that on February 1, 2005, Timbana had committed the offenses of inattentive driving, leaving the scene of a damage accident, failure to display proof of insurance, and felony DUI in adjoining Power County. It was also alleged that when the police responded to the scene of the accident, Timbana was in a bar consuming alcoholic beverages and he later refused to submit to an evidentiary test for the presence of alcohol, both of which also violated the terms of his probation.

On March 28, 2005, Timbana appeared in court on the probation violations. On the same date his attorney filed a motion asking the court to reduce his sentence pursuant to Rule 35 of the Idaho Criminal Rules. After Timbana admitted all of the probation violations, his attorney asked

the court to take up the motion for reduction of sentence before it ruled on whether to revoke Timbana's probation. The court permitted him to do so.

Timbana's attorney argued the motion for reduction of sentence, noting the need to protect society, Timbana's acceptance of responsibility, and his need for residential treatment. Timbana's attorney asked the court to reduce the sentence to two years fixed followed by three years indeterminate. In response, the deputy prosecuting attorney stated that Timbana did not deserve a reduction in sentence.

Timbana's attorney then asked to approach the bench, during which there was an off-the-record discussion. Afterward, the deputy prosecuting attorney stated, "We had agreed to not take a position on the Rule 35 motion, only to not oppose it. We agreed to leave it up to Your Honor's discretion. So, I apologize for what I have just said, and we will leave that in Your Honor's discretion."

In response to the court's inquiry, he stated that another deputy prosecutor had made that agreement and had given him a note recording it, but he had not read the complete note. He also added that it was agreed that any sentence in this case would run concurrent with the felony DUI in Power County. The court asked if he felt good about making that recommendation, and the deputy prosecutor answered that he did. The court asked if he opposed the Rule 35 motion, and he responded that he did not. He did not make any further statements regarding the motion.

The court denied the Rule 35 motion and revoked Timbana's probation, but did agree to make the sentence concurrent with the Power County DUI, although the court stated that the proper course would be to make the sentence in that case concurrent with the sentence in this case. The order revoking probation again repeated the clerical error that had been made in the original judgment. Timbana then timely appealed.

This case was initially assigned to the Court of Appeals. It affirmed the judgment, although it noted that Timbana could file a motion under Rule 36 to correct the clerical mistake as to the determinate period of his sentence. The Court of Appeals held that the deputy prosecuting attorney's correction of his mistake in opposing the Rule 35 motion was under the circumstances an adequate remedy for the violation of the agreement. We then granted Timbana's petition for review.

3

## II. ISSUES ON APPEAL

1.  Did the district court abuse its discretion by imposing a five year sentence with four years fixed when it revoked Timbana's probation?

2.  Did the State violate the terms of the agreement to resolve the probation violation thereby entitling Timbana to a probation violation hearing before a different judge?

## III. ANALYSIS

**A. Did the District Court Abuse Its Discretion by Imposing a Five-year Sentence with Four Years Fixed when It Revoked Timbana's Probation?**

When Timbana was originally sentenced in this case, the district judge imposed a sentence of five years in the custody of the Idaho Board of Correction, with three years fixed and two years indeterminate. Due to an obvious clerical error, the written judgment recorded the fixed portion of the sentence as being four years rather than three. However, "the sentence orally pronounced by the court controls when there is any disparity between it and the written judgment of conviction." *State v. McCool*, 139 Idaho 804, 806, 87 P.3d 291, 293 n.1 (2004).

The district court later suspended Timbana's sentence and placed him on probation. Upon revocation of that probation, the court could not resentence Timbana. *State v. Pedraza*, 101 Idaho 440, 614 P.2d 980 (1980). It could only either impose the sentence that had previously been suspended or reduce that sentence pursuant to Rule 35 of the Idaho Criminal Rules.

Timbana contends that when revoking his probation the district court abused its discretion by increasing Timbana's sentence. There is absolutely nothing in the record indicating that the district court believed it was increasing Timbana's sentence when it revoked his probation. The order entered by the court states that "the sentence previously suspended is RE-INSTATED of a Fixed Term of Four (4) Years and subsequent Indeterminate Term of One (1) Year for a TOTAL OF FIVE (5) YEARS." The transcript of the revocation hearing shows that the court, the deputy prosecuting attorney, and Timbana's trial counsel all believed that the original sentence had been five years in custody of the Idaho Board of Correction, with four years fixed. Nobody brought the clerical error in the judgment to the court's attention.

Rule 36 of the Idaho Criminal Rules provides, "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be

4

corrected by the court at any time after such notice, if any, as the court orders." The error regarding Timbana's sentence can be corrected by motion brought pursuant to that Rule.

**B. Did the State Violate the Terms of the Agreement to Resolve the Probation Violation thereby Entitling Timbana to a Probation Violation Hearing before a Different Judge?**

Timbana contends that the State breached its agreement regarding the resolution of the probation violation and that he is therefore entitled to a disposition hearing before a different district judge. As mentioned above, the State agreed that if Timbana would admit the probation violations it would not oppose his motion for a reduction in his sentence pursuant to Rule 35 of the Idaho Criminal Rules. The deputy prosecuting attorney at the disposition hearing was not the same attorney who had made the agreement. The deputy prosecuting attorney initially opposed Timbana's Rule 35 motion. Upon the terms of the agreement being called to his attention, the deputy prosecuting attorney informed the court:

> Your Honor, there is an agreement reached earlier today – I should correct what I just said. We had agreed to not take a position on the Rule 35 motion, only to not oppose it. We agreed to leave that up to Your Honor's discretion. So, I apologize for what I have just said, and we will leave that in Your Honor's discretion.

After some discussion as to how the error occurred, the following exchange took place:

> THE COURT: Okay. So then you feel good about making that recommendation that you said [another prosecutor] said you would make?
> DEPUTY PROSECUTOR: Yes, I do.
> THE COURT: So you do not oppose [Timbana's trial counsel's] Rule 35 motion?
> DEPUTY PROSECUTOR: No, I do not from what I understand.
> THE COURT: Okay. Thanks, [deputy prosecutor]. Did you have any other comments you'd like to make—either of you two gentlemen?
> [The deputy prosecutor did not make any further comments.]

The State did not breach the agreement. When the deputy prosecutor's error was called to his attention, he immediately corrected it, stated that he did not oppose the Rule 35 motion, and did not say or do anything that could be construed as opposing the motion.

Relying upon *Santobello v. New York*, 404 U.S. 257 (1971), Timbana argues that he is entitled to a new disposition hearing before a different district judge. The facts in that case are entirely different than this one. In that case the state agreed to make no recommendation

regarding the sentence if the defendant would plead guilty to the crime charged. The defendant accepted the agreement and pled guilty. At sentencing, a different prosecutor argued for the maximum sentence of one year in jail and made statements regarding the defendant's criminal record and alleged links to organized crime. When the defense attorney objected on the ground that the prosecutor was violating the plea agreement, the prosecutor said that there was nothing in the record to support the defendant's assertion that there was a plea agreement. On appeal, the Supreme Court held that the state had breached the plea agreement and that the defendant was entitled either to a new sentencing hearing before a different judge or to withdraw his guilty plea. In the instant case, the State immediately corrected its error and performed the agreement.

Prior to correcting his error, the deputy prosecuting attorney had said: "He [Timbana] was placed on probation, given numerous chances, and here he has gone and committed the exact same offense that he was put on probation for. I don't think he's deserving of a reduction in sentence; however, I will note that he has completed a rider."[1] There does not appear to be anything in those comments that would require having a different judge preside over the disposition hearing. If Timbana believed that there was, he should have raised that issue at the time.

## IV. CONCLUSION

The error in Timbana's sentence can be corrected by a motion brought under Rule 36 of the Idaho Criminal Rules. We affirm the order of the district court denying Timbana's motion for a reduction of sentence under Rule 35 of the Idaho Criminal Rules.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

---

[1] The term "rider" is used to refer to the retained jurisdiction program.