# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 49930

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, April 2024 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: June 20, 2024** |
| | ) | |
| **DALE CARTER SHACKELFORD,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Latah County. John C. Judge, District Judge.

The decision of the district court is <u>reversed</u> and <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant Dale Carter Shackelford. Jason C. Pintler submitted argument on the briefs.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent State of Idaho. L. LaMont Anderson submitted argument on the briefs.

---

MEYER, Justice.

Dale Carter Shackelford appeals from the district court's denial of his Idaho Criminal Rule 36 motion to correct a clerical error in his Judgment of Conviction on Resentencing-Counts I and II ("the Judgment"). Shackelford argues that the Judgment did not accurately reflect the district court's oral pronouncement of the sentence. For the reasons discussed below, the district court's denial of Shackelford's Rule 36 motion is reversed, and his case is remanded for further proceedings consistent with this opinion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2001, Shackelford was sentenced following a jury verdict of guilty on six counts: two counts of murder in the first degree (Counts I and II); one count of first-degree arson (Count III); one count of conspiracy to commit first degree murder (Count IV); one count of conspiracy to commit first-degree arson (Count V); and one count of preparing false evidence (Count VI). The district court sentenced Shackelford to death on Counts I and II and ordered the remaining Counts III through VI to be served concurrently. The district court sentenced

Shackelford to twenty-five years fixed on Count III, a fixed life sentence on Count IV, twenty-five years fixed on Count V, and five years fixed on Count VI. The district court ordered that "the sentences imposed above shall all run concurrent with each other." Later, this Court affirmed all six convictions, but vacated the sentences for Counts I and II pursuant to the United States Supreme Court decision in *Ring v. Arizona*, 536 U.S. 584 (2002), because the decision to impose the death penalty was not decided by the jury, and those counts were remanded to the district court for resentencing. *See State v. Shackelford*, 150 Idaho 355, 388, 247 P.3d 582, 615 (2010).

Shackelford's resentencing took place ten years after his original sentence was imposed. At the resentencing hearing on September 28, 2011, the district court sentenced Shackelford to fixed life sentences on Counts I and II and ordered those sentences to be served consecutively to each other. The district court did not address Counts III through VI. The Judgment provided, however, that Counts I and II were to run consecutively with each other and with the sentences imposed in Counts III through VI.

Nearly eleven years after his resentencing, on May 2, 2022, Shackelford, representing himself, filed a Rule 36 motion to correct a clerical error in the judgment. Shackelford argued that the written judgment did not accurately reflect the district court's oral pronouncement of sentence because the district court did not mention Counts III through VI at the resentencing hearing. Shackelford contended that the Judgment should be corrected to order that the consecutive sentences in Counts I and II run *concurrently* with the sentences in Counts III through VI. The district court denied Shackelford's Rule 36 motion, determined that the oral pronouncement of sentence was unambiguous, and ruled that the written judgment accurately reflected the oral pronouncement of sentence. We note that the district judge who heard argument on Shackelford's Rule 36 motion was not the same judge who, many years earlier, orally pronounced Shackelford's sentence at the resentencing hearing and subsequently signed the Judgment. Shackelford timely filed a notice of appeal.

Shackelford argues on appeal that the district court erred when it denied his Rule 36 motion because the Judgment does not conform to the oral pronouncement of sentence. The State argues that the district court did not err when it concluded that the oral pronouncement of sentence was accurately reflected in the written judgment because the district court's oral pronouncement of sentence was unambiguous and consistent with the written judgment. Specifically, the State argues that the district court's use of the word "consecutively" in its oral pronouncement of sentence

meant "not only with each other [Counts I and II], but with the other four prison sentences," because only Counts I and II had been remanded for resentencing. The State also contends that the district court's denial of the Rule 36 motion is "buttressed by the Idaho Supreme Court's prior decisions in Shackelford's cases," which referenced Shackelford's formal sentence.

## II. STANDARD OF REVIEW

Generally, "a trial court's interpretation of its orders will be given deference, but only to the extent that the interpretation is reasonable." *Vierstra v. Vierstra*, 153 Idaho 873, 881, 292 P.3d 264, 272 (2012) (citing *Citizens Against Range Expansion v. Idaho Fish & Game Dept.*, 153 Idaho 630, 633-35, 289 P.3d 32, 35-37 (2012)). "The rules of construction applicable to contracts and written documents apply to the interpretation of court orders." *Sun Valley Ranches, Inc. v. Prairie Power Co-op., Inc.*, 124 Idaho 125, 131, 856 P.2d 1292, 1298 (Ct. App. 1993) (citation omitted); *accord State v. Towell*, 172 Idaho 648, __, 535 P.3d 624, 629 (Ct. App. 2023). "Under the restrained standard of clear error customarily applied to factual issues, a factual finding will not be deemed clearly erroneous unless, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *County of Canyon v. Wilkerson*, 123 Idaho 377, 381-82, 848 P.2d 435, 439-40 (Ct. App. 1993).

## III. ANALYSIS

### A. The district court erred in denying Shackelford's motion because the Judgment did not accurately reflect the oral pronouncement of sentence.

The only issue in this appeal is whether the district court erred in denying Shackelford's motion to correct the written Judgment. We hold that the district court erred in denying the motion to correct the Judgment to conform to the oral pronouncement of sentence. When there is a difference between the oral pronouncement of sentence and the written judgment, the oral pronouncement of sentence controls. *See State v. Timbana*, 145 Idaho 779, 782, 186 P.3d 635, 638 (2008) ("the sentence orally pronounced by the court controls when there is any disparity between it and the written judgment of conviction"). In Idaho, "the only legally cognizable sentence in a criminal case is the 'actual oral pronouncement in the presence of the defendant.'" *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989) (quoting *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988)). "The legal sentence consists of the words pronounced in open court by the judge, not the words appearing in the written order of commitment." *Id.* It is well established that "[i]f a court does not specify whether a sentence is to be served concurrently with or consecutive to another sentence, the sentence will be concurrent because, in the absence of a

specification that it is to be consecutive, the defendant's service of the sentence will begin immediately." *State v. Bosier*, 149 Idaho 664, 667, 239 P.3d 462, 465 (Ct. App. 2010).

In *Wallace*, the Court of Appeals affirmed the district court's decision to conform the written sentence to the oral pronouncement of sentence, after Wallace filed a motion to correct the sentence. *State v. Wallace*, 116 Idaho 930, 931-32, 782 P.2d 53, 54-55 (Ct. App. 1989). Wallace "argued that the first written order of commitment had created an indeterminate sentence and that the second order of commitment – following revocation of his probation – could not make the sentence 'determinate.'" *Id.* at 931, 782 P.2d at 54. The district court reviewed the court minutes and court reporter's notes and determined that the oral pronouncement of sentence was fourteen years determinate. *Id.* As a result, the district court denied Wallace's motion, finding that the second order of commitment was "in compliance with what my order from the bench indicates." *Id.* at 932, 782 P.2d at 55. The *Wallace* court explained "[o]ur view concerning the legal effect of the orally pronounced sentence is consistent with prior Idaho decisions dealing with ambiguous oral pronouncements. In those cases, the appellate courts have remanded to the trial judges for clarification of their sentences, rather than simply giving effect to the judgments as written." *Id.* (citations omitted). The *Wallace* court held that Wallace's "orally pronounced sentence was neither ambiguous nor legally defective" because the district court "clearly pronounced a fourteen-year determinate sentence." *Id.* As a result, the district court "properly corrected the order of conviction" to match the oral pronouncement of sentence. *Id.*

In this case, the district court's oral pronouncement at Shackelford's resentencing was not ambiguous as far as Counts I and II are concerned. The district court unambiguously sentenced Shackelford to two consecutive life sentences on Counts I and II:

> But having found that the ultimate sanction was, or would have been appropriate for the crimes that you committed, I don't think it should come as any surprise that I'm imposing fixed life sentences for the murders of Donna Fontaine and Fred Palahniuk.
>
> My goal in sentencing, Mr. Shackelford, is that you not be released into society again. And I am ordering that those sentences be served consecutively. So, unless there be any confusion on the Department of Parole's point, I hope you don't get out again.

In this oral pronouncement of sentence, the district court did not mention Counts III through VI or address those counts in any fashion. The district court stated only that Counts I and II would run consecutively with each other. Because the oral pronouncement of sentence was

4

unambiguous, that is the sentence that controls. As a result, while Counts I and II run consecutively to each other, because the district court did not state that Counts III through VI were to run consecutively to Counts I and II, Counts III through VI will run concurrently with Counts I and II. The State argues that the district court's use of the word "consecutively" at the oral pronouncement of sentence extends to Counts III through VI. This, however, reads into the district court's pronouncement of sentence more than was stated, and perhaps more than was intended. The State's argument that the Judgment supports Shackelford's serving Counts III through VI consecutively to Counts I and II is unavailing as the oral pronouncement of sentence controls. In ruling on Shackelford's Rule 36 motion, the district court erred when it determined that the Judgment conformed to the oral pronouncement of sentence.

We note that while we agree with Shackelford that his sentence must be corrected, this change will not, practically speaking, grant Shackelford any actual relief as he is still serving two consecutive life sentences.

Shackelford originally brought the discrepancy between the Judgment and the oral pronouncement of sentence to the district court's attention through a Rule 36 motion, and at that time Shackelford was representing himself. Both Idaho Criminal Rule 35(a) and Rule 36 allow for the correction of a sentence at any time. Rule 35(a) provides that "[t]he court may correct a sentence that is illegal from the face of the record at any time." I.C.R. 35(a). Idaho Criminal Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." I.C.R. 36. We note that Shackelford's situation points out a gap in our rules that Rule 35 and Rule 36 do not neatly address. We dealt with a similar issue in *State v. Campbell*. In that case, the defendant filed simultaneous Rule 35(b) and Rule 36 motions to "correct the written judgment to conform to the oral pronouncement of the sentence." *State v. Campbell*, 170 Idaho 232, 238, 509 P.3d 1161, 1167 (2022). At the time the defendant filed the motions, the district court had already determined the sentence it imposed was ambiguous and had scheduled a resentencing hearing to correct the ambiguity. In *Campbell,* we reaffirmed that Rule 36 is meant to "correct a *clerical error* in a judgment." *Id.* at 241, 509 P.3d at 1170. In other words, an error "resulting from a minor mistake or inadvertence and not from judicial reasoning or determination[,]" such as "a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading." *Id.* (quoting *Clerical Error*, BLACK'S LAW DICTIONARY (11th

5

ed. 2019)). We held that "Rule 36 does not provide a vehicle by which a trial court may amend a sentence to give effect to the court's previously unstated intent that alters the sentence." *Id.* We affirmed the district court's denial of the Rule 36 motion because Rule 36 "was not the appropriate mechanism by which to amend a written judgment to conform to the orally pronounced sentence." *Id.* (citing *State v. Allen*, 144 Idaho 875, 878, 172 P.3d 1150, 1153 (Ct. App. 2007)).

We made a similar determination in *Phillips* where we remanded a case for resentencing when the oral pronouncement of sentence was ambiguous. *State v. Phillips*, 99 Idaho 354, 355-56, 581 P.2d 1173, 1174-75 (1978). Before we remanded the case, we discussed both Rule 35 and Rule 36 in the decision. *Id.* at 355, 581 P.2d at 1174. We rejected the State's argument to construe the written judgment as a "correction of an illegal sentence pursuant to I.C.R. 35 since either interpretation of the sentence orally imposed would be lawful had either been clearly and unambiguously imposed." *Id.* We also noted "the inapplicability of I.C.R. 36 since the error here was judicial in nature involving the exercise of discretion, and I.C.R. 36 permits correction of clerical errors but not judicial errors." *Id.*

We note that other courts are divided as to whether Rule 35 or Rule 36 is the appropriate vehicle to correct a discrepancy between the oral pronouncement of sentence and the written judgment. *See United States v. Bussey,* 543 F. Supp. 981, 984 (E.D. Va. 1982) (discussing Federal Rules of Criminal Procedure 35 and 36 to correct an inconsistency between the oral pronouncement of sentence and the written judgment of conviction); *See also Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970). In *United States v. Libby*, an unpublished case, the Sixth Circuit upheld the district court's decision to correct "a discrepancy between an oral sentence and the written order" under Federal Rule of Criminal Procedure 36. *See United States v. Libby*, 79 F.3d 1149, 1996 WL 117449 at \*2 (6th Cir. Mar. 15, 1996) (unpublished) (per curiam). However, other courts have agreed that the federal version of Rule 36 "may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003); *see also United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing."(footnote omitted)); *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (per curiam) ("More recent cases and commentary flesh out the parameters of Rule 36 and demonstrate that this exception does not apply to errors made by the court itself."). These cases point to the Federal Rule of Criminal Procedure 35 as an alternative means to correcting a

discrepancy between an oral pronouncement of sentence and a written judgment. *See Penna*, 319 F.3d at 511-13; *Werber,* 51 F.3d at 346-49; *Daddino*, 5 F.3d at 265.

On balance, Rule 36 is not the appropriate vehicle to correct a discrepancy between an oral pronouncement of sentence and a written judgment. Rule 35(a), which is designed to correct illegal sentences, does not fully address this situation either. Nevertheless, Rule 35(a) better addresses the correction of a written judgment when there is a legal discrepancy between the oral pronouncement of sentence and the written judgment. While Shackleford cited Rule 36 rather than Rule 35(a) in his motion, we will apply the correct rule since the State did have the opportunity to brief and argue whether the district court erred in ruling that the Judgment accurately reflected the oral pronouncement of sentence. As a result, the Judgment must be corrected to conform to the oral pronouncement of sentence.

## IV.    CONCLUSION

For the reasons discussed above, this case is remanded to the district court to correct the Judgment of Conviction on Resentencing to order Counts III through VI to run concurrently with Counts I and II and Counts I and II to run consecutively to each other so that the Judgment conforms to the oral pronouncement of sentence.

Chief Justice BEVAN and Justices BRODY, MOELLER and PETTY, J. Pro Tem, CONCUR.