**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51855**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: February 24, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| DALE CARTER SHACKLEFORD, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John C. Judge, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentences, <u>affirmed</u>.

Dale Carter Shackleford, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Dale Carter Shackleford appeals from an order denying his I.C.R. 35(a) motion for correction of a illegal sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Shackleford was found guilty by a jury of two counts of first degree murder, first degree arson, conspiracy to commit first degree murder, conspiracy to commit arson, and preparing false evidence. On October 25, 2001, the district court sentenced him to death for the two counts of first degree murder after finding aggravating factors pursuant to I.C. § 19-2515. After Shackleford was sentenced, and while his direct appeal was pending, the United States Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002) which held that, under the Sixth Amendment, the presence or absence of aggravating factors in death penalty cases must be decided by a jury. The district

1

court, in a post-conviction relief case, set aside the death sentences for Shackleford's two counts of first degree murder. The State appealed and the Idaho Supreme Court affirmed. *State v. Shackleford*, 150 Idaho 355, 247 P.3d 582 (2010). After the State filed a notice that it would not seek the death penalty on remand, Shackleford was sentenced by the district court to consecutive life terms of imprisonment.[1] Shackleford filed a motion to correct an illegal sentence under Rule 35(a), contending that his fixed life sentences for first degree murder are illegal because "it was pure vindictiveness and improper emotional involvement in the case that motivated the court to resentence him to a greater punishment than originally imposed." The district court denied Shackleford's motion, concluding his sentences for first degree murder are legal. Shackleford appeals.

## II.

## STANDARD OF REVIEW

Pursuant to Rule 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

On appeal, Shackleford asserts that his sentences are illegal and should be vacated. The Idaho Supreme Court has defined an "illegal sentence" as one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). As the Court has explained:

> Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive.

---

[1] The written sentencing order did not comport with the district court's oral pronouncement of sentences. That discrepancy was corrected in *State v. Shackleford*, 173 Idaho 884, 551 P.3d 31 (2024). Shackleford's first degree murder sentences (Counts I and II) are consecutive to each other and the sentences on the remaining Counts (III-VI) are concurrent to Counts I and II.

*Id.*

The sentences imposed by the district court were authorized by law. Idaho Code Section 18-4004 provides that "every person guilty of murder in the first degree shall be punished by death or by imprisonment for life." As to the consecutive sentences, I.C. § 18-308 provides:

> When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

In any event, whether to impose a consecutive sentence is committed to the discretion of the court. *State v. Cisneros-Gonzalez*, 141 Idaho 494, 496, 112 P.3d 782, 784 (2004).

Shackleford contends that his sentences are not authorized by law because they were vindictive. Citing *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794 (1989), Shackleford argues that his consecutive life sentences are presumed to be vindictive because they are a more severe punishment than a death sentence. In support of his argument, Shackleford states he has always maintained that a sentence of death is far less severe than a fixed life sentence of incarceration. In *Pearce*, the United States Supreme Court held (as a matter of due process) that, whenever a judge imposes a more severe sentence upon a defendant after remand or a new trial, the reasons for the more severe sentence must affirmatively appear. *Id.* at 726. In the absence of such information, the new harsher sentence is presumed to be vindictive. *Id.* at 726.[2]

---

[2] *Pearce* was partially overruled by *Smith*, 490 U.S. 794 (holding that presumption of vindictiveness does not apply where case is tried after guilty plea is set aside). *Pearce* has also been limited in its application to those cases in which there is a "reasonable likelihood" that the increased sentence is the product of actual vindictiveness. *Id.* at 799. However, the Idaho Supreme Court has applied *Pearce* and its progeny as a brightline rule, holding that a presumption of vindictiveness in sentencing applies where a defendant has successfully appealed a conviction and received a greater sentence by the same district court after a retrial or remand. *State v. Ish*, 173 Idaho 930, 954, 551 P.3d 746, 768 (2024). Absent the presumption, the defendant must show actual vindictiveness. *Id.* The Court has explained that the reasons for imposing an increased sentence must be made part of the record and based upon identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. *State v. Grist*, 152 Idaho 786, 794, 275 P.3d 12, 20 (2012).

Shackleford's claim that his sentences are vindictive is not cognizable under Rule 35(a). A vindictive sentencing claim is based upon due process. *Pearce*, 395 U.S. at 725. In *State v. Campbell*, 170 Idaho 232, 243, 509 P.3d 1161, 1172 (2022), the Idaho Supreme Court held:

> [A] Rule 35(a) motion to correct an illegal sentence is not the correct mechanism to challenge the constitutionality of a criminal sentence. Idaho Criminal Rule 35(a) provides that "[t]he court may correct a sentence that is illegal from the face of the record at any time." An "illegal sentence" as contemplated by Rule 35(a) means a sentence that is not statutorily authorized. For example, a sentence that is "clearly in excess of that provided by" a statute is illegal. However, even if a sentence violates due process it is not "illegal" under Rule 35(a).

(Citations omitted). Thus, even if Shackleford's sentences violated his right to due process of law, it was not illegal in the sense the term is used in Rule 35(a). *See State v. Robbins*, 123 Idaho 527, 529, 850 P.2d 176, 178 (1993).[3]

## IV.

## CONCLUSION

Shackleford has failed to show error. Thus, the order of the district court denying Shackleford's Rule 35(a) motion is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

---

[3] Even in the absence of *Campbell* and *Robbins*, Shackleford's claim would not be cognizable under Rule 35(a) because the factual predicate of his due process claim, that consecutive life sentences are harsher than a death sentence, is not apparent from the face of the record.