**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52000**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 18, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| CHRISTOPHER WILLIAM KERBER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stephen S. Dunn, Senior District Judge.

Judgment of the district court, affirmed; order denying I.C.R. 35(b) motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Christopher William Kerber appeals from the district court's judgment of conviction and sentence for possession of a controlled substance. Kerber claims the district court abused its discretion by imposing an excessive sentence and denying his Idaho Criminal Rule 35(b) motion. In particular, Kerber argues the district court exceeded its statutory authority in imposing 100 hours of community service. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Kerber was stopped for driving with an obstructed view of the roadway. Officers searched Kerber's vehicle and recovered methamphetamine and drug paraphernalia. The State charged Kerber with possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and a persistent violator sentencing enhancement. Pursuant to a plea agreement,

1

Kerber pled guilty to possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), and the State agreed to dismiss the paraphernalia charge and the sentencing enhancement. The district court imposed a unified sentence of seven years with two years determinate. The district court stated that it was ordering completion of 100 hours of community service. Defense counsel asked for confirmation that the district court was imposing the community service requirement noting "that's typically a probation term." The district court indicated it had read the statute many times but concluded that the community service requirement "has to be imposed on every drug conviction, whether [defendants] get probation or not." The judgment of conviction contained the term of incarceration as imposed at the sentencing hearing, as well as the costs, restitution, fines, and public defender reimbursement as set forth in the court's oral sentencing pronouncement; however, the judgment did not contain any reference to community service hours.

Kerber filed an I.C.R. 35(b) motion for reduction of sentence. After a hearing, the district court denied the motion. Kerber appeals.

## II.

## STANDARD OF REVIEW

The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Anderson*, 145 Idaho 99, 103, 175 P.3d 788, 792 (2008).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Biggs*, 168 Idaho 112, 114, 480 P.3d 150, 152 (Ct. App. 2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Kerber claims the district court abused its discretion by ordering him to complete 100 hours of community service because the district court exceeded its statutory authority. Kerber also contends the district court abused its discretion by imposing an excessive sentence and denying his I.C.R. 35(b) motion. The State agrees that the district court lacked statutory authority to impose

the community service requirement but argues that remand is not necessary because the judgment of conviction entered by the district court did not include the unlawful community service term. Further, the State argues the district court was within its discretion to impose Kerber's sentence and deny his I.C.R. 35(b) motion.

A.      **Community Service Requirement**

Kerber argues that since the district court chose not to place him on probation or retain jurisdiction, the district court had no lawful authority to impose any conditions on his sentence other than the period of incarceration and any fines associated with the conviction. The State agrees.

When a district court suspends a felony sentence and withholds judgment or imposes probation, it possesses the authority to impose "such terms and conditions as it deems necessary and appropriate." I.C. § 19-2601(2), (3); *see also* I.C.R. 33(b), (d). However, when the district court sentences an offender to the custody of the Idaho Department of Correction (IDOC) by imposing a period of confinement, the IDOC possesses the statutory and constitutional authority to impose requirements while the offender is incarcerated, and the Commission of Pardons and Parole possesses the statutory and constitutional authority to establish the terms of any parole supervision. *See* I.C. §§ 19-2513(1) (sentencing court's authority); 20-219 (supervisory authority of the board of correction); 20-1004(4) (Idaho Commission of Pardons and Parole authority to impose parole conditions); *see also State v. Jakoski*, 139 Idaho 352, 354-56, 79 P.3d 711, 713-15 (2003) (district court loses jurisdiction over judgments of conviction after they become final, absent a rule or statute extending its jurisdiction).

It appears that the district court was referring to I.C. § 37-2738(5) for its statement at the sentencing hearing that it interpreted the statute to require community service "on every drug conviction" regardless of whether the sentence is suspended. The referenced statute provides that any offender who is convicted of a drug offense set forth in I.C. § 37-2732 (a), (b), (c), or (e) shall, "when granted a probationary period of any sort whatsoever, be required by the court to complete a period of not less than one hundred (100) hours of community service work." Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). Under the statute's plain language, the community service requirement is activated only when a convicted

drug offender is granted probation. Because the district court imposed a term of incarceration, it was without authority to impose probationary conditions such as community service requirements and, therefore, abused its discretion by imposing the 100 hours of community service.

Although the parties agree that the district court erred by including a community service requirement in its oral pronouncement, they disagree on the proper remedy. The State contends that no remand is necessary to correct this error because the judgment of conviction entered by the district court did not include the unlawful community service term. The State acknowledges that when there is a difference between the oral pronouncement of the sentence and the written judgment, the oral pronouncement of sentence controls. *State v. Shackelford*, 174 Idaho 31, 33, 551 P.3d 31, 33 (2024). The State argues, however, where the discrepancy is an illegal term in the oral pronouncement, which is not included in the written judgment, remand is not necessary to correct a legal written judgment because "in practical terms, it is the judgment of conviction, rather than a transcript of a sentencing hearing, that serves as the operative document by which the IDOC, courts, and other entities are informed of an individual's sentence." Alternatively, the State notes that this Court could remand and instruct the district court to amend the judgment of conviction with a notation affirmatively disavowing the community service requirement that was contained in the oral sentencing pronouncement. In reply, Kerber contends that despite the legally correct written judgment, the oral pronouncement controls and is the effective sentence; therefore, remand is necessary to establish the correct sentence. Alternatively, Kerber states that he "would be satisfied if this Court used its authority under Rule 35 to 'deem' his written judgment of conviction to be a correction of his unlawful oral sentence." Although the oral pronouncement contained an illegal term, because that illegality is not memorialized in the operative judgment, the error was corrected and remand is not necessary. We affirm the written judgment of conviction.

**B.     Sentence**

Kerber argues the district court abused its discretion by imposing an excessive sentence. He contends the district court failed to adequately consider the mitigating factors, including his mental health conditions, substance abuse issues, and family support.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

4

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *Biggs*, 168 Idaho at 116, 480 P.3d at 154. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## C.     Idaho Criminal Rule 35

Kerber argues the district court abused its discretion in denying his I.C.R. 35(b) motion in light of the new information in the form of two affidavits and three exhibits showing that he had been accepted into an addiction treatment program and into the Bannock County Mental Health Court.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Kerber's Rule 35 motion, we conclude no abuse of discretion has been shown.

## IV.
## CONCLUSION

Because the district court imposed a term of incarceration, it lacked the authority to impose the probation condition requiring 100 hours of community service. However, the written judgment of conviction is correct and does not include that term. Therefore, the judgment of conviction, including the sentence set forth therein, is affirmed. The order denying Kerber's I.C.R. 35(b) motion for reduction of sentence is also affirmed.

Chief Judge TRIBE and Judge LORELLO **CONCUR**.

5