# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52308

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 3, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TESSA RYANNE GROVE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Order granting motion to correct judgment of conviction and sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Allison C. Jaros, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Tessa Ryanne Grove appeals from the order granting the State's motion to correct her judgment of conviction and sentences. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Grove with ten counts of attempted murder, two counts of aggravated assault on law enforcement personnel, trafficking in methamphetamine, destruction of evidence, possession of a controlled substance, obstructing an officer, possession of drug paraphernalia, and using a firearm during the commission of a crime. The State also alleged Grove is a persistent narcotics violator. Pursuant to a plea agreement, Grove pled guilty to four counts of aggravated assault on law enforcement personnel, I.C. § 18-915(1)(b), and one count of trafficking in

1

methamphetamine, I.C. § 37-2732B(A)(3). Grove also admitted to being a persistent narcotics violator, I.C. § 37-2739. In exchange for Grove's guilty pleas, the State dismissed the remaining charges and two other cases pending against Grove. The district court held a sentencing hearing where it orally sentenced Grove to concurrent, unified terms of ten years, with minimum periods of confinement of eight years, for each of the four counts of aggravated assault. The district court also orally sentenced Grove to a consecutive unified term of fifteen years, with a minimum period of confinement of four years, for trafficking in methamphetamine. As a result, the district court explained Grove's total aggregate sentence would be twenty-five years, with a minimum period of confinement of twelve years.

Thereafter, the district court entered a written judgment of conviction. The judgment, however, did not accurately reflect the district court's oral pronouncement of Grove's sentences and, instead, indicated her sentences for all five convictions would run concurrently. The State subsequently filed an I.C.R. 36 motion to correct Grove's judgment of conviction. The following day, the district court granted the State's motion and issued an amended judgment of conviction reflecting the district court's oral pronouncement of Grove's sentences. Grove objected, arguing the district court improperly granted the State's motion without giving her an opportunity to respond and that the district court lacked jurisdiction to correct the judgment under I.C.R. 36. Thereafter, the State filed an amended motion to correct the judgment, citing additional case law and arguing I.C.R. 35(a) was the proper mechanism for correcting the written judgment. After a hearing, the district court found that it had properly amended the judgment to reflect its oral pronouncement of Grove's sentences. As a result, the district court granted the State's motion and issued an order of findings confirming the "proper sentence" was "declared at the sentencing hearing." Grove appeals.

## II.

## ANALYSIS

"Mindful that the [district] court's action was consistent with the applicable law," Grove asserts the district court abused its discretion in granting the State's motion to correct the judgment of conviction. The State responds that Idaho law "required the district court to correct the judgment of conviction to match the oral pronouncement of" Grove's sentences. We hold that

Grove has failed to show the district court erred in correcting her judgment to accurately reflect the oral pronouncement of her sentences.

When there is a difference between the oral pronouncement of sentence and the written judgment, the oral pronouncement of a sentence controls. *State v. Shackelford*, 174 Idaho 31, 33 551 P.3d 31, 33 (2024); *State v. Timbana*, 145 Idaho 779, 782, 186 P.3d 635, 638 (2008). In Idaho, the only legally cognizable sentence in a criminal case is the actual oral pronouncement in the presence of the defendant. *Shackelford*, 174 Idaho at 33, 551 P.3d at 33; *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989). The legal sentence consists of the words pronounced in open court by the judge, not the words appearing in the written order of commitment. *Shackelford*, 174 Idaho at 33, 551 P.3d at 33.

On appeal, Grove contends the district court "abused its discretion by correcting her judgment of conviction to reflect" the oral pronouncement of her sentences because "the original written judgment sentencing her to a total of fifteen years, with eight years [determinate], is sufficient to meet the goals of sentencing." Grove's argument is unpersuasive and inconsistent with the applicable law.

The district court orally sentenced Grove to consecutive terms of imprisonment. Specifically, the district court orally sentenced Grove to concurrent terms of ten years, with minimum periods of confinement of eight years, for each of the four counts of aggravated assault. The district court also orally sentenced Grove to a consecutive term of fifteen years, with a minimum period of confinement of four years, for trafficking in methamphetamine. Toward the conclusion of the sentencing hearing, the district court explained that the "total sentence" would be "twelve years [determinate] plus thirteen years indeterminate for a total of twenty-five years." Grove does not argue the district court's oral pronouncement was ambiguous, nor that it was illegal. That Grove believes the goals of sentencing would be met by a lesser sentence does not show the district court erred in correcting her judgment of conviction. Moreover, it is the district court's oral pronouncement of a sentence that controls when any disparity exists between it and the written judgment of conviction. *See Timbana*, 145 Idaho at 782, 186 P.3d at 638. As a result, Grove has failed to show the district court erred in amending her judgment of conviction to reflect what the district court pronounced at her sentencing hearing.

### III.
### CONCLUSION

Grove has failed to show the district court erred in correcting her judgment of conviction to reflect the oral pronouncement of her sentences. As a result, the district court's order granting the State's motion to correct Grove's judgment of conviction and sentences is affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.